# IRA A. W. BUCK

*v.*

## ELLEN BUCK.

1. SUMMONS—*service.* There is no substantial departure from the statute when the service of process is required to be served by *delivering* a copy *to* the defendant, and by the return it appeared a copy of the summons was *left with* the defendant.

2. PRACTICE—*at law—in equity—contempt.* In a court of law, the defendant may clear himself of a contempt by his answer, and be discharged, but in equity, the defendant's answer to interrogatories may be contradicted and disproved by the adverse party.

3. ATTACHMENT—*contempt.* The attachment for this kind of contempt —disobedience to an order to pay money—is rather a civil execution for the benefit of the injured party, though carried on in the shape of a criminal process for a contempt of the authority of the court.

4. SAME—*evidence.* In such a proceeding, the adverse party may avail himself of the evidence of defendant as in a civil case.

5. SAME—*interrogatories—replication.* The rules of chancery practice do not require a replication to an answer to interrogatories filed in a proceeding for contempt.

6. MINOR CHILD—*support and education.* Where a party had adopted a child, and was subsequently divorced, and the decree required him to support and educate the child, and he had previously placed the child in a boarding school to be taught, and his divorced wife, who had the custody of the child, afterwards placed the child in the same school, and although he gave notice that he would not pay the expense, as it failed to appear that he had provided other means of education, or that there were common schools accessible, he was held liable to pay the expense incurred in keeping the child at the boarding school.

APPEAL from the Circuit Court of Kane county; the Hon. SILVANUS WILCOX, Judge, presiding.

Mr. C. J. METZNER, for the appellant.

Messrs. WHEATON, SMITH & McDOLE, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a proceeding against the appellant, by attachment for contempt, in not complying with a decree of the circuit

court of Kane county, in a suit for a divorce, ordering him to support and educate an adopted child of the parties.

The first point made is, that the court erred in ordering the attachment, for the reason that there was no jurisdiction of the person of the defendant in the suit wherein the decree was rendered, as there was no sufficient service of the summons.

The return of service was, by *leaving* a copy of the summons *with* the defendant.

The service required by the statute, is by *delivering* a copy *to* the defendant. It is supposed, that here was an essential difference. We fail to perceive it. We regard the two forms of expression as equivalent, and that the return shows the required service by delivering a copy of the summons to the defendant.

In the court below, interrogatories had been filed, to which defendant had filed his answer. The court ruled, that notwithstanding the answer, the defendant must purge himself of the contempt in open court, whereupon the defendant was sworn, and testified.

This ruling of the court is assigned as error.

A difference obtains between the practice, in this respect, in courts of law and in courts of equity. In the former, if the defendant clears himself by his answer, he will be discharged, and the complaint totally dismissed; whereas, in the courts of equity, after the party has answered the interrogatories, his answer may be contradicted and disproved by the adverse party. The attachment for this species of contempt, the disobedience of an order to pay money, is to be looked upon rather as a civil execution for the benefit of the injured party, though carried on in the shape of a criminal process for a contempt of the authority of the court. 4 Black. Com. 288 ; *Crook* v. *The People*, 16 Ill. 535.

It is a singular mode of trial, admitted in this particular instance of contempt, where ordinary rules governing criminal trials do not apply ; and we see no sufficient objection in this

case to the adverse party having resort to the testimony of the defendant, as might be done in a civil case. No replication to the answer was necessary, as claimed. The practice of the courts of chancery recognizes no such thing as a replication to an answer to interrogatories filed in such a proceeding as this.

We hold there was no error in this ruling of the court.

It is objected, that the sum of $251, which the court ordered the defendant to pay, as money which had been expended in the support and education of the child, was exorbitant and unjust, and especially so the two items of $81.50 and $75, for tuition at a boarding school at Rockford. It is said, the child was within the reach of free schools in Aurora, and no allowance in such case should be made for those items, under the decision in *Plaster* v. *Plaster*, 47 Ill. 290. There is an absence of proof in the record, that the child was within reach of any free school.

It appears, that she had previously been placed at this boarding school by the defendant himself, about September 1, 1866 ; that he paid for her support and education there, until July 1, 1867, and the items in question were for tuition there, from that time to February, 1868 ; that when the child returned to the school in the fall of 1867, after a vacation, defendant informed the principal of the school he would not pay the child's bills. No sufficient reason appears for this step. Defendant never expressed any willingness, or took any steps, to provide for the child's education elsewhere ; that her education at this school was suitable and proper, in view of her own needs, and the circumstances of the defendant, is evidenced by his own act in placing her there to be educated. The education was needful for the child, and defendant was required, by the decree in the divorce suit, to furnish it to her. In his neglect to do so, he was rightly adjudged to pay the expenditures incurred therefor, which must be held, in his own estimation, to have been necessary and proper. The same neglect appears, to furnish support for the child.

After an examination of the answer of the defendant, and the proofs in the case, we are satisfied with the finding of the court as to the sum due.

The order of the court below is affirmed.

*Decree affirmed.*

Justices Walker and Thornton dissent.