# CASES

IN THE

# SUPREME COURT OF ILLINOIS.

## NORTHERN GRAND DIVISION.

### SEPTEMBER TERM, 1875.

BARNUM BLAKE

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

| 80 | 11 |
| 62a | 263 |

| 80 | 11 |
| 63a | 294 |

| 80 | 11 |
| 82a | 598 |

| 80 | 11 |
| 195 | ¹339 |

| 80 | 11 |
| e212 | ³497 |

1. DIVORCE—*alimony pending suit—how payment of may be enforced.* In divorce cases, the court is authorized to require the husband to pay the wife such sums of money as will enable her to prosecute or defend the suit, and, when it is just and equitable, may allow her alimony pending the litigation, and may enforce the payment in any manner consistent with the rules and practice of the court.

2. Decrees for alimony may be enforced by execution or other final process, as other decrees in chancery, or in any other mode consistent with the practice in courts of chancery; but, as cumulative remedies, the court may enforce decrees for alimony either by sequestration of real or personal estate, by attachment against the person, by fine or imprisonment, or both, in the discretion of the court, as other decrees in chancery may be enforced.

3. SAME—*power of court to imprison for non-payment of alimony, limited by constitutional provision to cases where contempt is willful.* The power of a court of chancery to enforce the payment of alimony by imprisonment of the defendant, as for contempt, is subject to the limitation imposed by the constitution, that a party may not be imprisoned, except in cases where it shall appear he has the pecuniary ability to enable him to comply with the decree, and his disobedience is willful.

4. Where the neglect or refusal of the husband to comply with a decree for the payment of alimony is not from mere contumacy, but from the want of means, the result of misfortune, not induced by any fraudulent conduct on his part, the wife will be compelled to adopt some mode other than imprisonment to enforce the decree.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Messrs. HERVEY, ANTHONY & GALT, for the appellant.

Mr. S. K. Dow, for the appellee.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

Shortly stated, the case made by this record is, that, on the 8th day of February, 1875, the court entered an order in the case of Christine Blake against Barnum Blake, then pending for divorce, that defendant should pay the complainant $75 forthwith, and the sum of $65 on the first day of every month next following, during the pendency of the suit, for temporary alimony; also, pay the further sum of $150 to her solicitors, within ten days from that date, as a reasonable retainer and counsel fee, and that defendant refund to her the sum of $6, costs advanced, and that, in case of default in the payment of such sums of money, or any part thereof, the same should be collected in accordance with the usual practice in courts of chancery in such cases.

An affidavit having been filed, showing defendant had not complied with the decree of the court in that particular, and that there was then due, under the decree, the sum of $426, and that another monthly installment would mature on the next day, thereupon, on the 1st day of June, 1875, on motion of complainant's solicitors, the court entered an order that defendant be arrested, and brought into court, for a failure to make payments of the several installments of alimony and the solicitors' fees, as he had been directed to do by the original decree.

On being brought into court, defendant, first, entered a motion that he might be discharged from arrest, for the reason he

was then, and had been, pecuniarily unable to comply with the decree of the court for the payment of the several sums of money specified, and secondly, for a modification of the decree allowing alimony, that the installments to be paid might be so reduced that he could thereafter pay them. Both motions were based upon affidavits, in which were given, in detail, the facts relied upon in support of the motions. Counter affidavits having been presented and considered, the court overruled both motions, and ordered defendant to pay *instanter* the amount due under the original decree, and, in default of such payment, he be remanded to the custody of the sheriff, to be safely kept until he should comply with the order or be otherwise discharged.

Under our statute, there are several modes in which decrees in chancery may be executed or enforced. Where there shall be no direction that a master in chancery or commissioner execute a decree, the same may be carried into effect by execution or other final process, according to the nature of the case, or the court may, if necessary, direct an attachment to be issued against the party disobeying such decree, and may fine or imprison him, or both, in the discretion of the court, and may also direct a sequestration for disobedience to any decree. R. S. 1874, p. 203, sec. 47.

In divorce cases, the court is authorized to require the husband to pay the wife such sums of money as may enable her to prosecute or defend the suit, and, where it is just and equitable, may allow her alimony pending the litigation, and may enforce the payment in any "manner consistent with the rules and practice of the court." R. S. 1874, p. 421, secs. 15, 18.

It is apprehended that decrees for alimony may be enforced by execution or other final process, as other decrees in chancery, or in any other mode consistent with the practice in the courts of chancery; but, as cumulative remedies, no doubt, the court may enforce decrees for alimony "either by sequestration of real or personal estate, by attachment against the person,

by fine or imprisonment, or both, in the discretion of the court," as other decrees in chancery may be enforced.

That courts possess power to commit as for contempt, to compel obedience to decrees for the payment of alimony, has been recognized by this court in a number of cases. *Buck* v. *Buck,* 60 Ill. 105.; *O'Callaghan* v. *O'Callaghan,* 69 ib. 552; *Dinet* v. *Eigenmann, Admr. post,* p. 274. In *Buck* v. *Buck,* the court committed defendant for disobedience to a decree for alimony and maintenance, and its action was affirmed on appeal.

While this extraordinary power is conceded to rest in the courts, it is nevertheless subject to this limitation, imposed by the constitution, that a party may not be imprisoned except in cases where it shall appear he has the pecuniary ability to enable him to comply with the decree, and his disobedience is willful.

In *O'Callaghan* v. *O'Callaghan,* it was said, "the court is empowered to punish willful obstinacy, in such cases, by imprisonment, but we think the spirit of our constitution forbids that the pecuniary inability of the party, not resulting from his fraudulent conduct to produce that condition, can not be punished as a contempt by imprisonment."

Where the neglect or refusal to perform the decree is not from mere contumacy, but from the want of means, the result of misfortune, not induced by any fraudulent conduct on the part of defendant, the party will be compelled to adopt some mode other than imprisonment, to enforce the decree, consistent with the practice in the courts, either by execution or other final process, or by sequestration of real or personal estate, or by the exercise of such other powers as pertain to courts of chancery, and which may be necessary to the attainment of justice. It is not perceived in what respect decrees for alimony differ from other decrees for the payment of money. Imprisonment for non-compliance therewith, unless willful, or unless upon a refusal of defendant, upon proper demand made, to deliver up his estate in satisfaction of the decree, is within the inhibition of the constitution against imprisonment for debt.

The case at bar comes within the rule declared. It appears, from the affidavits in the record, defendant's refusal to comply with the decree of the court for alimony was not willful, but resulted solely from his pecuniary inability, and that, under our former decisions, was sufficient to entitle him to be discharged from arrest. Detailed statements of defendant's financial condition were given, from which it appears he had no means and no income from which he could discharge the decree. This condition was not the result of any fraudulent conduct on his part, but was produced by misfortunes in commercial transactions. There is nothing in the record that disproves or even contradicts defendant's account of his financial condition. It must, therefore, be regarded as a fair and candid exposition of his monetary affairs.

Defendant discloses that he has real estate, and perhaps personal property, but it is all heavily incumbered. A full exhibit of all his property, real and personal, is made, that it may be subjected to the payment of alimony, under the decree, in any manner known to the law or consistent with the practice in the courts. This is all he can do, and, having offered to surrender his property, such as he has, he is entitled to be discharged from arrest.

The judgment will be reversed, and the cause remanded with direction to the court to enter an order discharging defendant.

*Judgment reversed.*