ALFRED J. STEARNES

v.

SAMUEL W. JOY.

SAME

v.

THE PEOPLE OF THE STATE OF ILLINOIS, EX REL.

*Partnerships—Dissolution—Reference—Order to Turn Over Assets—Refusal—Contempt.*

1. The irregularity that one partner was not shown a copy of an order of court upon the appointment of a receiver in proceedings instituted by another partner for the dissolution of a partnership, said order directing that the effects of the firm be turned over to the receiver, is waived, where no objection is made in the answer of such person, to a rule entered that he show cause why he should not be held to be in contempt of court.

2. The interests of partners and creditors of a given firm in firm assets, can not be diverted by the collection by one partner, of money due, and charging the same to himself, particularly after a bill for dissolution has been filed.

3.   An attachment for contempt consisting of disobedience to an order to pay money, is looked upon as a civil execution for the benefit of the injured party, though carried on in the shape of a criminal process for a contempt of the authority of the court.

[Opinion filed July 23, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding.

June 17, 1890, Samuel W. Joy filed a bill in the Circuit Court against Alfred J. Stearnes, alleging the existence of a partnership between him and said Stearnes, praying for an accounting, for the appointment of a receiver, and for an injunction restraining the defendant from collecting or receiving partnership debts or money. Summons was served on the defendant June 18th. On the 19th of June, Edward S. Richards was appointed receiver, and the complainant and defendant were ordered to deliver over to him all books of accounts, securities and evidences of indebtedness and effects belonging to the late partnership of Joy & Stearnes. On the 20th of June, the receiver filed his bond approved in accordance with the order of appointment. On the 21st of June the receiver filed his petition setting forth that the said Stearnes had collected about $3,000 of the assets of the said partnership, which the said receiver had demanded that Stearnes pay into court, and which he had absolutely refused to do. The receiver therefore petitioned the court that Stearnes be adjudged guilty of contempt and a warrant issued for his arrest. Thereupon the court ordered that the said Stearnes show cause why he should not be in contempt of court.

On the 25th day of June, Stearnes filed his sworn answer to the rule, in which he admitted that on the 21st day of June the receiver demanded of him that he turn over all assets of every description, including money in his hands, belonging to the late firm of Stearnes & Joy, and said that at the time of said demand he had no assets of any description nor had he any money in his hands belonging to said firm, and that he had not collected or received the sum of $3,000 or any other

sum belonging or owing to said firm since he was served with notice of the appointment of a receiver in said cause.

Whereupon the court ordered that the matter of the defendant's alleged contempt of court be referred to George Mills Rogers, master, to examine the defendant, and report to the court the evidence and his conclusions, and that he take any evidence that might be produced by any party concerning the subject of inquiry. Thereafter the master reported that the parties to the said cause appeared before him attended by their respective attorneys, and evidence was taken before him, from which it appeared that the respondent collected about the 6th day of June, 1890, the sum of $2,350, which was a debt due to the firm, and that on the 19th of June he collected the sum of $350. That on the 17th of June, the evening of that day, he turned over the sum of $2,500 to one Ruth A. Tilton, who had been living with him for some time, taking care of his children. That said Ruth A. Tilton and the respondent testified that all but $300 was in payment of money owing to her and $300 was to be held by her for use for household expenses. That the evidence of said Ruth A. Tilton and respondent is very unsatisfactory and very contradictory, so as to make it very doubtful whether the transaction was a *bona fide* one, yet as to the amount of $1,350 claimed to be paid upon the note, the note being produced and being corroborative evidence, tended to sustain the claim made by the respondent; but he further found that the rest of the transaction between said Ruth A. Tilton and respondent was a mere subterfuge, and that at the time the receiver made the demand upon him, the sum of $1,304, being money belonging to said firm, was either in . his possession or in the hands of said Ruth A. Tilton, subject to his control, and that he could have turned that sum of money over if he had desired to do so; both the respondent and the receiver filed exceptions to the master's report. Whereupon, upon the matter coming on to be heard before the court, the depositions taken before the master were read to the court, the respondent objecting because the proceedings taken before the master were not entitled in the name of the people, and because the only oath

administered to the witnesses was in the chancery cause and for other reasons.

Upon the hearing, the court ordered that the proceeding as well as the depositions of the witnesses be amended by inserting an additional title thereto, viz., The People of the State of Illinois *ex relatione* Edward S. Richard, Receiver, v. Alfred J. Stearnes.

On the 17th of January, 1891, a decree was entered finding that the allegations in the said 'petition are true; that said Stearnes received money belonging to the said Stearnes Manufacturing Company, as follows: On June 6, 1890, $2,350, from Barney & Smith Manufacturing Company; on June 19, 1890, $350 from E. K. Tarbell; and that each was a debtor of said firm.

That of said money Stearnes paid $46 as traveling expenses, $46.25 for horse keep and board, and $78.23 personal and private debts, prior to the finding of the bill herein and demand of receiver, made June 21, 1890. That since then he has paid his solicitor $130.

That pursuant to an order entered herein, June 19, 1890, the receiver made due demand of said Stearnes for all the effects of said copartnership in his possession.

That at the time of the said demand, said Stearnes had in his possession of the said sums so collected by him, the sum of $2,399.52 belonging to said copartnership, and which said receiver was entitled to. That it was at the time of said demand in the power of said Stearnes to turn over said money to the receiver, which he then and since has refused to do, and that such refusal to pay said sum and comply with said order of court constitutes and is a contempt of the court.

That on failure of said Stearnes to pay to the receiver within three days from the entry hereof, the sum of $2,399.52 and costs of this proceeding, taxed at $100, he be committed to the county jail until he pays said sums, or till the further order of the court, or till he be discharged by due process of law, said imprisonment not to exceed six months.

From this order Stearnes took an appeal.

Mr. ALLAN C. STORY, for appellant.

At the time the receiver made a demand on Stearnes he did not have the original order appointing him and designating his duties, nor was a copy thereof shown or delivered to Stearnes, nor was any attempt made by the receiver at informing him of the contents of the order. The order was the foundation of the contempt proceedings, and to bring a party into contempt for a disobedience thereof it must appear that he was properly served by the party authorized in that behalf. In this instance there was a total failure to comply with this essential requirement of the law.

In McComb v. Weaver, 11 Hun, 271, the court says: "In order to bring a party into contempt for a disobedience of an order or judgment requiring the payment of money or the delivery of property, it is not sufficient that the order or judgment has been served on him, and he made fully acquainted with its effect; but, in addition thereto, a compliance with the order or judgment must be explicitly demanded by a party who has a right to make a demand."

See also, Swinfer v. Swinfer, 37 Eng. L. Eq. 327.

When a judge's order is served, the original should be shown to the party at the time the copy is served. Rapalje on Contempts, Sec. 88, p. 114; Larton v. Seaman, 9 Paige, 609; Howland v. Ralph, 3 John. 20.

When the contempt consists in refusing to deliver property to a receiver, an order requiring such delivery is a necessary prerequisite. Tinkey v. Langdon, 60 How. Pr. 180.

In order to bring a party into contempt for disobedience of an order, the order must be served upon the party himself. Larton v. Seaman, 9 Paige, 609.

A receiver is the creature of the court, a mere custodian, and has no powers except those conferred upon him by the order of his appointment and by the course and practice of chancery. Yeager v. Wallace, 44 Pa. St. 296; Verplanck v. The Mercantile Ins. Co., 2 Paige, 453; Hooper v. Winston, 24 Ill. 363; Grant v. The City of Davenport, 18 Ia. 194; Beach on Receivers, Sec. 249.

Messrs. BISBEE, KERN & REED, for appellee.

Respondent had been served in the suit and knew a receiver had been appointed and his conduct was a waiver of his right to demand service of a copy of the rule. People v. Kearney, 21 How. (N. Y.) Pr. 74; Newell v. Cutler, 19 Hun (N. Y.), 74; Park v. Park, 80 N. Y. 156.

The receiver in this case was fully authorized to receive the property by the order of court, and the authorities cited have no application in the case.

But appellant's authorities are not law in this State. Our Supreme Court has twice held that after a party is brought into court he is presumed to know of each step taken, and no service of a copy of the order or decree is necessary. Petrie v. People, 40 Ill. 334; O'Callaghan v. O'Callaghan, 69 Ill. 552.

The second alleged error is that the proceedings were improperly entitled, because not conducted in the name of the people. The petition was simply entitled in the suit of Joy v. Stearnes, in the matter of the receivership; afterward the court allowed an amendment and all the proceedings were entitled in the original suit and in the name of the people.

Appellant's position is answered by the following cases: Wightman v. Wightman, 45 Ill. 167; Goodwillie v. Milliman, 59 Ill. 523; U. S. v. Wayne, Wall. C. C. 134; People v. Ferris, 9 Johns. (N. Y.), 160; Church v. Muscatine, 2 Ia. 69; Stafford v. Brown, 4 Paige (N. Y.), 360; Winslow v. Nayson, 113 Mass. 411; Rapalje on Contempts, Sec. 95; Sercomb v. Catlin, 128 Ill. 556; Manderschied v. District Ct., 28 N. W. Rep. 551; Fisher v. Hayes, 6 F. R. 63.

The English cases are to the effect that until the rule to show cause is made absolute, the proceedings should be entitled in the original case and after in the name of the people. Rex v. Jones, Strange, 704; Rex v. Pierson, And. 313; Rex v. Harrison, 6 T. R. 641.

WATERMAN, J. It is insisted that the court had no jurisdiction because a copy of the order was not shown to Stearnes.

Appellant made no such objection in his answer, and thereby waived this irregularity. Newell v. Cutler, 19 Hun, 74–76; Wightman v. Wightman, 45 Ill. 167–175; Park v. Park, 80 N. Y. 156–161.

Stearnes v. Joy.

He did not, in his answer, merely make an excuse for not paying to the receiver when demand was made and then offer to pay, but refused to pay at all. If, when informed of the order, the money was under his control, then his entire conduct has since been contumacious and in defiance of the authority of the court.

The order was sufficiently full and explicit; he did not put his defense upon any misapprehension of its terms.

Nor is it the case, as is argued, that appellant, by directing that this money be charged to him, thereby took it out of the category of firm assets and made it private property. The interest of his partner and of creditors in the firm assets can not be diverted by so simple a proceeding, more especially when had, as in this case, after a bill for dissolution has been filed. The master reported that all of the witnesses whose depositions were attached to his report, were first duly sworn to testify the truth in relation to the matters in controversy. This statement, when read in connection with the order of reference, seems to answer the objection of the respondent that the oath administered to the witnesses was in the chancery cause.

The court has found that appellant had in his possession when the demand was made of him, the sum of $2,399.52, belonging to the copartnership, and we think the evidence justified such conclusion.

The receiver testifies that at the time of the demand, appellant said he had collected the $2,350 and had the money, but that he would not turn it over; appellant denies this, but his testimony as to the way he had disposed of the money is of such a nature as to excite suspicion as to its truthfulness, and to leave the impression that appellant, when aware of the order of the court, deliberately went to work to render such order unavailing. The case of The People v. Kearney, 21 How. Pr. 74–78, is in point as to such conduct.

It is insisted that the proceedings were improperly entitled. There is not entire agreement among the authorities in respect to the way in which proceedings of this kind should be entitled. In this State the proceeding is looked upon as a civil execution

for the benefit of the injured party.   Buck v. Buck, 60 Ill. 105, 106.

In Winslow v. Nayson, 113 Mass. 411–420, the court say: " The contempt proceeding is really but an incident to the principal cause, and all the papers relating to it should be filed with the other papers in the case.   In Sercomb v. Catlin, 128 Ill. 556, a proceeding entitled in the name of the receiver, under which the defendant was adjudged guilty, was affirmed.

This objection seems rather immaterial here, as appellant was held upon proceedings had before the court; and by its order an additional title was there given to the action.

It appears from the record that the receiver had qualified before he made the demand; that it was in the power of the respondent to have obeyed the order of the court, and that he ought to have done so.

The order of the Circuit Court is affirmed.

*Order affirmed.*