## McSherry v. McSherry.

1. *Alimony—Contempt of Court—Failure to Pay.*—A decree for alimony may be made, by express terms, a lien upon real estate, as well as by virtue of the statute, but this will not deprive the court of the power to enforce payment by attachment for contempt of court. Such power will not be exercised, however, when the failure to pay is through mere inability and is not willful.

**Memorandum.**—Appeal from an order of imprisonment for an alleged contempt of court, entered by the Circuit Court of Morgan County; the Hon. CYRUS EPLER, Circuit Judge, presiding. Heard in this court at the November term, 1892, and affirmed. Opinion filed March 6, 1893.

### APPELLEE'S STATEMENT OF THE CASE.

Appellee filed her bill for divorce against appellant on the ground of cruelty, adultery and habitual drunkenness. The jury found the defendant guilty of extreme and repeated cruelty, and on this verdict she was granted a decree of divorce and the care and custody of the three children. She was given by her decree, the use and occupation of the homestead, and alimony to the amount of $187 a year to be paid quarterly. The defendant owned, besides the homestead, a store building worth $6,000, mortgaged for $2,800. He re-

received as rent for the store building $50 per month, drew a pension of $8 per month, and received as bartender $50 per month, working from one-half to one-third the time.

This suit was an action for contempt in not paying the first year's alimony of $187. During the year the appellant received as rent $600, as pension $96, as bartender at least $250, a total of $946. The court found the defendant in contempt and ordered him committed until he complied with the order and paid the alimony due. From this order the defendant appeals.

APPELLANT'S BRIEF, OSCAR A. DeLEUW AND F. D. McAVOY, SOLICITORS.

This record does not disclose a willful disobedience, nor a present ability to pay, and the order of imprisonment must be reversed, "as the decree in behalf of complainant was made a lien on the land." This quotation is from Andrews v. Andrews, 69 Ill. 609, which decides that in such case it is error to award an attachment against the body, where the decree, as in this case, expressly makes the alimony allowed a lien on appellant's land.

APPELLEE'S BRIEF, CHAS. A. BARNES, SOLICITOR.

Courts possess power to commit for contempt, to compel obedience to decrees for the payment of alimony. O'Callaghan v. O'Callaghan, 69 Ill. 552; Buck v. Buck, 60 Ill. 105; Wightman v. Wightman, 45 Ill. 167; Blake v. The People, 80 Ill. 1.

OPINION OF THE COURT, WALL, J.

This is an appeal from an order of the Circuit Court, committing appellant to jail for contempt, in failing to pay the sum of $187, as alimony, adjudged against him in a decree of divorce, at the suit of appellee.

The decree is a lien upon the real estate of the appellant, by express terms, and by virtue of the statute, but this does not deprive the court of the power to enforce payment by

attachment for contempt. Wightman v. Wightman, 45 Ill. 167; Buck v. Buck, 60 Ill. 105; O'Callaghan v. O'Callaghan, 69 Ill. 552.

This power will not be exercised when the failure to pay is through mere inability and is not willful.

In many cases the defendant may have unincumbered real estate and no income of sufficient amount to enable him to comply with the decree, and there it will usually be proper to leave the complainant to her remedy by process against the property.

In this instance the defendant had an income sufficiently large to make it apparent that he could easily have paid the amount. His real estate, except that included in the homestead property, which was by the decree assigned to the possession of complainant, was incumbered, and if the complainant had been forced to resort to that means of collecting the money, she would perhaps have been placed at a serious disadvantage.

Whether she could have made the money by selling the real estate or not is unimportant, if the defendant was able to pay, and would not.

We are satisfied such was the case. It is argued that the complainant did not need the money, but this is not to the point. She was entitled to it, and the defendant being able to pay, willfully refused to do so.

The court properly exercised its coercive power and the order should be affirmed.