## Herman Glay v. The People, etc.

## Joseph O'Donnell v. Same.

## Peter Duppler v. Same.

## John Konow v. Same.

1. INJUNCTIONS—*When Operative upon Defendants — Notice.*—To render an injunction binding and operative upon a defendant it is not necessary that he should have been officially apprised of its existence or actually served with the writ. Where a defendant has in any manner received actual notice of its existence or is informally served, he is as effectually bound by its provisions as if actually served with the writ itself.

2. SAME—*Notice—Change of Judges Not Error.*—The fact that the notice of an application for an injunction was to appear before a different judge of the Superior Court than the one of the same court to whom the case was transferred and by whom the application was heard, is not ground for error.

3. CONTEMPT—*Commitment for Violation of an Injunction Not Necessarily Void Because the Writ Was Erroneously Granted.*—An order of commitment for the violation of an injunction is not necessarily void because the writ was erroneously granted. The remedy in such a case is by appeal or writ of error from the order and not by leaving it to stand and treating it with contempt, and then appealing from the order of punishment for its violation. An injunction, though erroneous, is entitled to obedience so long as it stands.

Contempt.—Violation of an injunction.   Appeals from the  Superior
Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding.
Heard in the Branch Appellate Court at the March term, 1900.   Reversed
as to appellant Konow and affirmed as to the other  appellants.   Opin-
ion filed May 10, 1901.

KOHOUT & NOVAK, attorneys for appellants.

PADDOCK, WRIGHT & BILLINGS, attorneys for appellee.

MR. PRESIDING JUSTICE SHEPARD delivered the opinion
of the court.

These four appeals from separate judgments have been
by leave of court presented on one set of abstracts and
briefs, though each upon a separate record, and may be con-
sidered by us in one opinion.

They are appeals from orders of commitment  to the
county jail for short periods, against the appellants, respect-
ively, for contempt of court in the violation of an injunction
order.

The cases arose out of a bill in chancery filed against the
United Metal Workers and numerous other persons, by Wins-
low Brothers Company, a manufacturing corporation, for an
injunction restraining the defendants from interfering in a
lawless manner with the complainant's business and from
preventing its lawfully disposed employes from continuing to
work  for  complainant, and  other persons  from  seeking
employment of complainant, as they might be lawfully dis-
posed, etc.

There is no contention but the bill makes a proper show-
ing for the injunction asked and ordered;  but it is argued
that the injunction writ was void because it was  issued
without notice.   The court by its order for injunction
recites that the application therefor was made upon notice
to the defendants.   The proof of notice shows it was not
strictly personal as to the appellants, but from what after-
ward occurred it is plain that the defendants knew of the
application and of the injunction order.

" To render an injunction binding and operative upon a
defendant it is not necessary that he shall have been offi-
cially apprised of its existence or actually served with the
writ.   And, where a defendant has heard the order of the

court granting an injunction, or has in any manner received actual notice of its existence or is informally served, he is as effectually bound by its provisions as if actually and duly served with process." 1 High on Injunctions, Sec. 17 (3d Ed.).

The complaint that the notice that was served was to appear before a different judge of the Superior Court than the one of the same court to whom the case was transferred and by whom the application was heard, does not merit special discussion. There was no error in it.

The injunction order was granted November 20th, and the injunction writ was served, as shown by the returns thereon, by the sheriff, through his deputies, on November 21st, by delivering a copy to each one of these appellants.

Some days thereafter, a petition for a rule against these appellants, and others, to show cause why they should not be attached for contempt for a violation of the injunction, was issued. The appearance of all the defendants in the case was entered by counsel on December 5th. The rule came on for hearing, and the order thereon was entered December 15, 1899. In the order it is recited that these appellants and each of them appeared in person and by counsel. It also appears by the recitals of the order and by the bill of exceptions that the appellant filed affidavits in answer to the rule.

It would seem from what has been said, that all the steps up to the order of commitment had been taken with full knowledge by the appellants.

We do not understand any of the authorities cited by appellants to go to the extent that an order of commitment for the violation of an injunction is void because the injunction order was erroneously granted. The remedy in such a case is by appeal or writ of error from the injunction order, and not by leaving that order stand and treating it contemptuously, and then appealing from the order of punishment for its violation. An injunction, though erroneous, is entitled to obedience so long as it stands. (Loven v. The People, 158 Ill. 159.) Where the bill or proceeding is, as in this case, for remedial purposes, the injunction order will be

construed with respect of the objects sought to be obtained by the bill, and therefore if the acts complained of as being in violation of its provisions are wholly ineffectual and not injurious to the complainant, and do not affect any substantial right or interest sought to be protected by the bill, such acts would hardly be deemed a violation of the injunction.    People v. Diedrich, 141 Ill. 665;  Loven v. The People, *supra.*

But such is very plainly not the case before us.    The acts set forth in the rule to show cause constitute a palpable violation of the injunction in various particulars against which the bill sought protection, and against which the complainant was plainly entitled to relief.    If the acts charged were done by the appellants, the very object of the bill was thwarted to just the extent that the acts were effectual. They were as plainly a violation of the spirit and terms of the injunction, as any acts could possibly be that did not completely destroy the right of the complainant to employ whom it would that were willing and ready to work for it. The real question, then, before us, is whether the appellants were guilty of the acts in violation of the injunction that are charged against them.

As to all the appellants except J. Konow, we have no doubt from the affidavits read, that the findings of the court below were correct, and that the appellants Herman Glay, Joseph O'Donnell and Peter Duppler were guilty of flagrant violations of the injunction.

As to the appellant J. Konow, we do not think a case was made.    The evidence against him is of altogether too uncertain a character, and, as it appears, was not at all of the certain kind that was within the power of the movers of the rule to have produced, if he were a participant in any of the acts with which he was attempted to be connected. Two persons who might have certainly identified him as being one of the participants in the only act of violation with which he was charged, made affidavits in the case, but did not connect him with it.    His identification was left to a series of inferences and argumentative facts that ought

never to sustain a charge so serious as will result in imprisonment, and we think his own affidavit fairly overcame their weight.

The point that error was committed by the court in refusing to hear oral evidence by the respective appellants is not well taken, if for no other reason than that it does not appear any .such was offered.

We are not able to say the punishment inflicted was excessive, severe or unusual, and in such respects a violation of the State Constitution, as is contended by appellants. Glay was committed for a term of fourteen days, O'Donnell for ten days, Konow for seven days and Duppler for four days.

In view of the flagrant acts done by them respectively, except Konow, the punishment imposed was by no means excessive. A court of equity is not confined in the protection of its orders to the same character of punishment imposed by the statutes in criminal proceedings for offenses of a like grade.

We see no occasion to prolong the discussion of the case. The judgment of the Superior Court against the appellant Konow is reversed, and the respective judgments of that court against appellants Glay, O'Donnell and Duppler are affirmed.

Reversed as to appellant Konow; affirmed as to appellants Glay, O'Donnell and Duppler.