## J. A. McBride v. The People of the State of Illinois, ex rel. Goodman Mfg. Co.

### Gen. No. 12,541.

1. CONTEMPT—*clerical error will not reverse order punishing for.* An apparent clerical error, consisting in one of the affidavits presented upon the application for the rule charging that the assault in violation of the injunction was made upon a date recited which was prior to the date it appeared the injunction was ordered, will not invalidate the order of punishment.

2. INJUNCTION—*how knowledge of granting, should be given.* Any means of information whereby notice of the order of injunction is actually brought to the knowledge of the respondent, is sufficient.

3. INJUNCTION—*who subject to punishment for violation of.* Where the injunctional order ran to the defendants named, their confederates, servants and agents, any person, though not a party to the cause, having knowledge of the existence of such injunctional order, will be punished for a violation thereof.

4. AFFIDAVITS—*when defectively verified.* Affidavits sworn to before a notary public who was also the solicitor of the party in whose behalf they were made, are defectively verified, but such defective verification held, in this case, not ground for the reversal of an order punishing for contempt.

Contempt proceeding. Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the October term, 1905. Affirmed. Opinion filed June 14, 1906.

**Statement by the Court.** April 12, 1905, the relator filed its verified petition in case 238,504, entitled Goodman

Mfg. Co. v. International Ass'n of Machinists, District Lodge No. 8, et al., pending in the Superior Court of Cook County, Illinois, in which petition it is alleged: That May 31, 1904, a strike was declared at the Goodman plant, and since that date such plant has been picketed and numerous assaults have been made on its workmen; that March 22, 1905, an assault was committed on Frank Mannahan by John E. Piper and another man who is unknown; that said assault was caused by the action of McBride (here appellant), one of the strikers, formerly employed by petitioner; that McBride was acting as a picket and was watching for petitioner's employees on the southwest corner of Forty-seventh street and Indiana avenue, and was violating the injunction heretofore granted August 9, 1904, a copy of which is hereto attached, and especially was violating said injunction by interference with said Mannahan, employee of petitioner, when going from his work; that McBride pointed out Mannahan to said Piper and the unknown man; that Mannahan was beaten by two men on Indiana avenue between Forty-seventh and Forty-eighth streets in the city of Chicago about 6 P. M. March 22, 1905; that petitioner presents certain affidavits and asks that they be considered a part of the petition; that McBride had full knowledge of the injunctional order, a copy of which was served on him by registered mail. The prayer is that McBride show cause why he should not be punished for disobeying the injunctional order of the court.

The affidavit of J. A. Parker shows that he served a copy of the injunction writ upon McBride by registered letter August 23, 1904, and afterwards received a registry return receipt which is attached to the affidavit of Charles H. Strawbridge, and affiant verily believes that McBride received said writ.

The affidavit of Nelson P. Hall shows that he is familiar with the handwriting of McBride, and that the handwriting on the attached card is the signature of McBride. Attached to the original of this affidavit (which was sent up to this court) is a registry card, addressed to be returned to

J. A. Parker, 3623 Cottage Grove avenue, Chicago, Illinois, stamped August 23, 1904, on the back of which is a return receipt signed "J. A. McBride."

The affidavit of Frank Mannahan shows that he was in the employ of petitioner, having taken the place of a striker; that March 22, 1904, about 6 P. M., in going from work on the south side of Forty-seventh street, he passed a man, who Schreiner afterwards told him was McBride; that two men followed him to the middle of the block, when they knocked him down; that he got up and fired three shots at the men, who ran. That a police officer arrested Piper and affiant; and that he had never before seen Piper or the unknown man.

The affidavit of Arnold Schreiner shows that he is in charge of the electrical department of petitioner, and knows McBride, who had worked for petitioner; that March 22, 1905, affiant went east on Forty-seventh street with Mannahan; that he saw McBride standing on the southwest corner of Forty-seventh street and Indiana avenue, and two men unknown to him; that as Mannahan passed McBride, McBride pointed out Mannahan to these two men and they followed him; that affiant saw the two men striking Mannahan and saw him knocked down; that Mannahan got up and fired three times at the men, who ran; that affiant ran after them and got one of them, Piper; and that McBride was watching for Mannahan.

Upon this showing an order was entered upon McBride to show cause why he should not be punished for contempt of court. He filed his verified answer, alleging: That he was not an employee of petitioner, and did not go out on strike; that the affidavits of Parker, Hall and Mannahan were sworn to before the solicitor of petitioner, and should not be received as evidence because perjury cannot be predicated thereon; that the affidavit of Mannahan shows the assault on him was committed in March, 1904; that the injunctional order was not issued until August 9, 1904; that the affidavits of Mannahan and Schreiner fail to show that the persons to whom Mannahan was pointed out are the

McBride v. The People.

same persons who committed the assault; that the petition was sworn to before petitioner's solicitor; that it is not shown that respondent ever had notice of the order of injunction, as the petition states that knowledge came to respondent " as shown by the affidavit of  *  *  *  Strawbridge," and no affidavit of Strawbridge was filed; that punishment of respondent would be in violation of sections 2, 5, 8 and 10, of article 2 of the Bill of Rights; that he has not worked for petitioner since May 16, 1904; that the statements in the petition are untrue; that he does not know Mannahan; that he was not acting as a picket; that he has no recollection of ever receiving a copy of the injunction order; if he did receive a copy by mail he never read it; that he was not a party to the suit and did not know that there was an injunctional order in force; that he was not standing on the corner and did not point out Mannahan to two men, as stated; that at the time stated he was at his home, No. 5048 Wentworth avenue, and if Mannahan was assaulted respondent was in no wise responsible for or connected with it.

The affidavit of John C. Piper shows that he does not know McBride, and McBride did not point out Mannahan to him; that he was walking on Indiana avenue and saw a man being attacked, whom he afterwards learned was Mannahan; that he went to assist him, when Mannahan fired three times, and affiant, fearing to be shot, ran away; that he was not connected with the strike or any system of intimidation of the Goodman Company employees, and was much surprised that an effort to assist a man whom he thought was being robbed should be misconstrued.

The court found that McBride had full knowledge of the injunctional order and received a true copy thereof by registered mail August 23, 1904; that he had been guilty of wilfully violating said injunction; that he acted as a picket and watched for employees of the Goodman Company on the southwest corner of Forty-seventh street and Indiana avenue in violation of said injunction order, and violated the same in that he interfered with Frank Manna-

han and pointed him out to Piper and another man un-
known, who followed Mannahan and beat him; and that
said pointing out and beating were in pursuance and fur-
therance of the conspiracy alleged and in furtherance of
said strike of machinists. The court found McBride in
contempt of court for and because of the violation of said
injunction, and ordered him for his contempt to be com-
mitted to jail for the term of twenty days, unless sooner
discharged by due process of law, and that a contempt
*mittimus* issue, etc. The present appeal was then prayed
for and allowed.

F. M. LOWES and THOMAS MARSHALL, for appellant.

DUDLEY TAYLOR, for appellee.

MR. JUSTICE BALL delivered the opinion of the court.

The first contention of appellant is that as in the affidavit
of Mannahan the assault upon him is alleged to have oc-
curred March 22, 1904, while the injunction was not issued
until August 9, 1904, and as an injunction cannot be
retroactive, appellant cannot be punished for its violation.
The statement of the date of the assault as appears in the
affidavit of Mannahan is a mere clerical error, which is
corrected by the petition, the affidavit of Schreiner, and by
the facts and circumstances of the case. McBride himself
knew the exact time of the assault so well that he was able
nearly a month thereafter to swear that he then was at his
home on Wentworth avenue. The point is not well taken.

Appellant further contends that the proofs fail to show
he had knowledge of the issuing of the injunction, and that
he cannot be guilty of contempt of an order of which he
had no knowledge. He does not directly deny the receipt
of a copy of this injunction order by registered mail
August 23, 1904. His words are: "That this defendant has
no recollection of ever having received a copy of said order
of injunction as set out in said petition and affidavits
thereto attached, and that if he did receive such copy by
mail, he did not read the same, because it at that time had

no application to himself, as he does not appear to have been a party to said suit, and that on said twenty-second day of March, 1905, this defendant did not know that there was an injunctional order in force as set out in said petition."

The affidavit of Parker shows that he sent a copy of such order to McBride by registered mail August 23, 1904, and that he received the registry return receipt therefor; while the affidavit of Hall shows that the signature of J. A. McBride on such receipt is the signature of appellant. Any means of information whereby notice of the order of injunction is actually brought to the knowledge of the respondent is sufficient. 2 High on Injns., 1422 (4th ed.); Glay v. People, 94 Ill. App. 598; Daly v. Amberg, 126 N. Y. 49. This evidence is sufficient to support the finding of the chancellor that "McBride had full knowledge of the injunction and received a true copy thereof by registered mail August 23, 1904."

The statement that he, appellant, did not know March 22, 1905, that the injunctional order was in force, is of no defensive value. Having been served with a copy of that order, if he afterwards violated its provisions he took the chance of punishment, if the order still continued in force.

Appellant also contends that, as he was not a party to the bill, he is not within the class of persons included in the order.

The injunctional order ran to the defendants named "and your confederates, and you and each of your servants and agents, and any and all persons aiding and abetting you." It was shown that appellant was in the vicinity of the Goodman plant, that he pointed out Mannahan to Piper and his confederate, and that the assault followed almost immediately. One need not be a party to the cause in order to be subject to punishment if he knowingly violates an injunction duly issued in such cause. Sloan v. People, 115 Ill. App. 90, and cases cited; *In re* Lennon, 166 U. S. 554.

The fact that the petition was verified and the affidavits

in support thereof were sworn to before a notary public, who was also the solicitor of petitioner, while improper practice, does not constitute reversible error. Richardson v. Sheehan, 46 Ill. App. 530; Evans v. The Schriver L. Co., 57 Ill. App. 151; Hollenbeck v. Detrich, 162 Ill. 392.

The chancellor had the right to hear and determine in a summary manner the issues presented upon this appeal. We are of opinion that his decretal order entered herein is sustained by the evidence, and we therefore affirm the decree of the Superior Court.

*Affirmed.*