### J. W. Burdette, Appellee, v. O. B. Munger, Appellant.

### Gen. No. 14,131.

1. MANDAMUS—*when judgment in, cannot be questioned.* In a proceeding for contempt for failure to obey a writ of *mandamus*, the formality of the judgment rendered in the *mandamus* proceeding and the merits of the cause in which it was rendered cannot be questioned, where the court had jurisdiction of the parties and of the subject-matter.

2. CONTEMPT—*how proceeding in, entitled.* A contempt order is properly entitled in the name of The People, although it is a civil contempt.

3. MUNICIPAL CORPORATIONS—*when village board cannot affect status as to indebtedness by resolution.* A board of trustees of a village cannot legally rescind a resolution declaring an indebtedness to a third party without the consent of such third party after such resolution has been accepted by him.

*Mandamus.* Appeal from the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Affirmed. Opinion filed October 20, 1908.

F. M. Williams and F. C. Struckmeyer, for appellant.

Fred H. Atwood, Frank B. Pease and Charles O. Loucks, for appellee.

Mr. Presiding Justice Smith delivered the opinion of the court.

The Circuit Court in a proceeding for a writ of *mandamus* against appellant, O. B. Munger, as president of the Village of Berwyn, entered an order February 6, 1907, directing a writ of *mandamus* to issue as prayed for in the amended and supplemental petition. On March 1, 1907, the writ was issued commanding appellant Munger forthwith to sign three warrants for $90 each in favor of John W. Burdette in payment of his salary as village superintendent for the months of May, June and July, 1906, and to deliver said warrants forthwith to said Burdette. The writ was subsequently served by the sheriff upon appellant Munger by reading the same to him and delivering to him a copy.

Appellant Munger failed to comply with the judgment and writ and on motion, based on an affidavit, due notice of the motion having been given, the Circuit Court entered a rule on Munger to show cause why he should not be punished for contempt of court for failing to comply with the writ of *mandamus*.

Appellant filed an answer to the rule to show cause wherein the sufficiency of the writ of *mandamus* and the order for the same is questioned. Subsequently, by leave of court, appellant filed a supplemental answer in which he represents to the court that on April 10, 1907, the board of trustees of the village of Berwyn adopted a resolution rescinding and revoking the resolutions of June 19, July 3 and August 6, 1906, directing and authorizing the president and clerk of the village of Berwyn to draw the warrants named in the petition and writ of *mandamus*. The answer further

set up that the warrants referred to in the resolution and in the writ of *mandamus* are identical; and that the action of the board of trustees in rescinding and reversing its previous resolution was a matter for their proper legislative determination, and that by the adoption of the later resolution appellant was deprived of the power to sign the warrants mentioned in the writ. Appellant in his answer disclaims any intention of contumacious conduct toward the court and prays that the rule entered against him be discharged.

On April 30, 1907, an order was entered, entitled "People of the State of Illinois v. O. B. Munger," which recites that this cause came on to be heard upon the rule issued to show cause and upon answer to the rule; and the court having heard the evidence finds that the writ of *mandamus* was duly served upon the respondent O. B. Munger by the sheriff of Cook county, and that the respondent failed and refused to comply with the writ; that a certified copy of the rule to show cause was served upon said Munger and that he persists in his refusal to comply with said writ and has failed to purge himself of said contempt; and adjudges said Munger is guilty of contempt of the court in failing to obey said writ, and that he be imprisoned in the county jail of Cook county for the period of seven days, or until he shall comply with said writ of *mandamus*.

From this order appellant prosecutes this appeal.

The main question before the court on this appeal is the sufficiency of appellant's answer to the rule to show cause.

The trial court had jurisdiction of appellant Munger, and of the subject-matter of the petition. It therefore had full authority to render the judgment for a peremptory *mandamus*. The judgment was final, and no appeal or writ of error was prosecuted to reverse it. The formality of that order or the merits of the case cannot be questioned in this proceeding.

Leopold v. People, 140 Ill. 557; Clark v. Burke, 163 *id.* 334; Swedish American Tel. Co. v. Casualty Co., 208 *id.* 562.

The contempt order was properly entitled in the name of the People, although it was a civil contempt. People v. Didrich, 141 Ill. 670; Lester v. The People, 150 *id.* 426; Hannah v. The People, 198 *id.* 77; Glay v. The People, 94 Ill. App. 598. As was said in Stearns v. Joy, and Same v. The People, 41 Ill. App. 157, quoting from Winslow v. Nayson, 113 Mass. 411-420: "The contempt proceeding is really but an incident to the principal cause, and all the papers relating to it should be filed with the other papers in the case." The court in that case cites Sercomb v. Catlin, 128 Ill. 556, a proceeding entitled in the name of the receiver in which the defendant was adjudged guilty and the judgment was affirmed, and then proceeds to say: "This objection seems rather immaterial here as appellant was held upon proceedings before the court; and by its order an additional title was there given to the action."

We think the record shows sufficiently that the failure of appellant to sign and deliver the warrants injured appellee.

In our opinion the board of trustees of the village of Berwyn could not rescind legally in 1907 the resolutions passed in 1906, which declared the village of Berwyn indebted to appellee for services rendered and ordered warrants to issue to appellee therefor without the consent of appellee after he accepted the action of the board. McConoughey v. Jackson, 101 Cal. 270. The rescinding action of the board of trustees did not therefore excuse appellant from obeying the peremptory writ. His duty was to obey the writ, or procure a reversal of the judgment. This court cannot justify him in refusing to be guided by the resolution of 1906, and the judgment of the court, and uphold him in obeying the resolutions of 1907, contrary to the judgment of the court while it remained in full force and effect.

People *ex rel.* v. Salomon, 54 Ill. 44; Am. & Eng. Enc. (2nd Ed.) Vol. 7, p. 73.

Finding no error in the record, the judgment of the Circuit Court is affirmed.

*Affirmed.*

Mr. Justice CHYTRAUS took no part in the decision of this case.