George W. Stull, Appellant, v. The People of the State of Illinois, Appellee.

1.   CONTEMPT—*evidence.*   In a contempt proceeding in law where the alleged contempt is not committed in the presence of the court, opposing testimony to defendant's answers to interrogatories should not be heard, and on purging himself by such answers he should be discharged.

2.   CONTEMPT—*proceeding in equity.*   In equity, the truth of the defendant's answers to interrogatories may be controverted by opposing testimony.

Appeal from the Circuit Court of Hamilton county; the Hon. WILLIAM H. GREEN, Judge, presiding.    Heard in this court at the March term, 1912.    Reversed.    Opinion filed October 7, 1912.

HARRY ANDERSON, for appellant; CONRAD SCHUL and G. L. ORR, of counsel.

J. H. LANE, for appellee.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

This is an appeal from a judgment upon a fine imposed by the Circuit Court of Hamilton county against appellant as a punishment for an alleged contempt of the court.

It appears from the record that the State's Attorney filed a petition charging that one J. U. Porter had been subpoenaed as a witness to appear and testify before the grand jury; that appellant had induced Porter to leave the county and not to appear and testify, and that Porter failed to appear. Upon the filing of the petition the court ordered an attachment to issue, upon which appellant was brought into court and arraigned to show cause why he should not be punished.

In the investigation by the court, it heard the testimony of a number of witnesses introduced and examined by the State's Attorney to support the charge in the petition, some of which testimony tended to prove the charge. The court also heard a number of witnesses on behalf of the defendant. After hearing all the evidence the court found the appellant guilty of a contempt of the court, and imposed a fine of one hundred dollars and the costs.

The appellant testified, and his testimony was a full and complete denial of the charge, and completely purged him of the alleged contempt. All the appellant did in this case, if anything, is shown to have been done out of the presence of the court, and the proceeding was instituted to vindicate the majesty of the law by punishing the appellant for inducing a witness not to appear and testify before the grand jury.

Proceedings for contempt are summary in their character, and have been exercised by the courts of justice to secure the orderly administration of the law as early as the annals of the law extend; and without the power to punish for contempt, the courts would frequently be powerless to enforce their de-

crees and orders. The power is necessary to judicial authority, and is inherent in every court of record.

The method of procedure in proceedings for contempt differs in courts of equity and law. In the former, the truth of the defendant's statement, in reply to interrogatories filed, may be controverted on the other side and the whole matter inquired into and ascertained by the court. "In cases of common law, the defendant will be discharged, if, by his answer to interrogatories filed, he make such a statement as will free him from the imputed contempt and that opposing testimony will not be heard." Crook v. People, 16 Ill. 537; Buck v. Buck, 60 Ill. 105. The same rule in proceedings for contempt is announced in Blackstone's Com., book 4, marg. 10, 287, where the author says: "If the party can clear himself upon oath he is discharged, but if perjured he may be prosecuted for perjury."

To the same effect is Loven v. People, 158 Ill. 159. In contempt proceedings other than in chancery cases where the alleged contempt is not committed in the presence of the court, the party accused may be attached and may either confess the contempt or may purge himself under oath, either in answer to interrogatories filed or by his oral testimony, and if he does purge himself he should be discharged and opposing testimony should not be heard. If he swears falsely he may be reprosecuted and punished for perjury.

Appellant on his testimony was entitled to be discharged, without regard to opposing testimony which the court in this summary proceeding could not hear and consider, and it was error to impose the fine. "The proceedings in the examination of witnesses were without warrant of law." Welch v. People, 30 Ill. App. 399.

The judgment is reversed.

*Reversed.*