JOHN C. BROWNING, plaintiff in error, *vs.* SIMON D. HAD-
LEY, defendant in error.

1. In a suit in chancery, by certain wards against their guardian, for
account and settlement, a Receiver was appointed, and the defendant
required to deliver to said Receiver all and singular the estate of said
wards, "of whatever consisting, either real or personal property,
money, choses in action, or other valuable thing." The Receiver filed
his petition, asking an attachment, as for contempt against the guar-
dian, for having failed to pay over the money appearing to be due by
his last return to the Ordinary; to which the defendant responded,
that the balance stated in his said return neither was nor ever had been
money in his hands, but represented money due by him to the estate
of his wards' father, and on settlement between the administrator of
said estate and himself, as guardian, treated as money, and charged
against himself in his returns; that said balance had been reduced by
subsequent transactions; and that he was unable to pay the amount
of his indebtedness, by reason of the condition of the country, but had
complied with the order of the Court as far as he was able to do so:
*Held,* that the respondent was not subject to attachment for contempt.

Petition to make rule absolute.    Decision by Judge HAN-
SELL, at Chambers, May 5th, 1862.

At December Term, 1861, of Thomas Superior Court, John
C. Browning, the plaintiff in error, was appointed Receiver
of the estate, both real and personal, of the minor heirs of
Samuel H. Hadley, and an order passed requiring the defend-
ant in error, Simon D. Hadley, guardian of said minors, to
turn over to the Receiver, and deliver forthwith, all the
estate of said minors, of whatever consisting, either real or
personal property, money, choses in action, etc.

A short time thereafter Browning made his petition to the
Hon. A. H. Hansell, Judge, etc., in Chambers, setting forth
the above order, and alleging that Simon D. Hadley had
delivered to the Receiver the land and negroes, and some five
hundred dollars in notes, the property of the estate of the
minors, but that he was indebted to the minors the sum of
seven thousand one hundred and fifty-six dollars and sixteen
cents, as appeared by a copy of his last annual return append-
ed to the petition.

The petition further alleges, that the plantation of the

minors, turned over to the Receiver, was in a wretched condition; that the negroes needed food, clothing, etc., and that a large amount was needed to supply these things, and to put and keep the plantation in working order, and that for want of the means belonging to the estate in the hands of the defendant, the Receiver was put to divers straits and unnecessary expense; that the defendant wholly refuses to obey the order of his Honor, and to turn over the money he acknowledges to be due to the estate of the minors. A rule *nisi* is prayed for, calling on the defendant to show cause why a rule absolute and attachment should not be had against him for contempt. At the hearing, which was on May 5th, 1862, defendant submitted his answer, in which he denies having disobeyed the order of the Court, but asserts that he has complied therewith as far as was in his power; that the balance appearing to be due, by his last return, has been reduced by payment made by him in bacon and other things, and by his paying said Receiver twelve hundred and seventy-five dollars since the passage of the order; that the amount due on the balance since the payments is chiefly a debt made and due to Samuel H. Hadley, while in life, and a debt made to E. Seixas as administrator of said Samuel H., on the sale of a negro by said administrator, which debts were taken and received by respondent from the administrator as cash, and so charged by defendant against himself in his returns, when in fact he received but little, if any cash, from the administrator, and that the balance will not exceed the principal and interest of said debts. Defendant, in his answer, further proposes to give all the notes he has in possession, and if they are not enough, to give his own notes in settlement of the balance. Defendant avers that he has done all in his power to comply with the order of the Court, and has failed only through the want of means to do so.

Defendant insists that said balance is but a debt, and not cash in his hands, and that it cannot be demanded as cash. He has not the cash, and is unable to procure it in the present condition of the country. He denies that he had any

money in his hands belonging to the estate of the minors at the time of the passage of the order.

Upon hearing the motion and answer, Judge Hansell refused to make the rule absolute, and also refused an order that an attachment issue for contempt, and plaintiff excepts.

DeGraffenreid, for plaintiff in error.

No appearance for defendant in error.

*By the Court.*—Jenkins, J., delivering the opinion.

This is an application for an attachment for contempt, alleging a failure of the defendant to comply with an order of the Court, (granted pending a suit in chancery against him as guardian, by his wards,) requiring him to turn over to the applicant, as Receiver in Equity, all the property in kind, as well as money, in his hands, belonging to the complainants.   It appears, both by the petition and the answer, that respondent promptly delivered to the Receiver, in obedience to the order, the real estate, negroes, and other property, except money.   The petition for attachment alleges as contempt the respondent's failure to pay over money, and the applicant relies upon his last return to the Ordinary, stating a specific balance due by him to his wards as evidence of so much money in hand.   The answer sets forth that that balance neither is, nor ever was money in hand; that it consists chiefly of two items, viz : 1st, a debt due by him to the father of his wards at his death, and 2dly, a debt contracted with the administrator of his ward's father by the purchase of property at administrator's sale; that to facilitate a settlement between the administrator and respondent, as guardian, the latter receipted to the former for the aggregate sum of those debts as so much money, whereby the administrator was discharged, and the guardian charged *pro tanto*, but that no money passed between them; that, therefore, while he admits an indebtedness to his wards, he denies the possession of money in hand; that since the making of his return, the balance stated has been reduced by expenditures and pay-

ments; and finally, that he has made efforts to raise a sufficient sum to discharge his actual indebtedness, which have failed by reason of the present condition of the country.

The applicant does not controvert this answer, but predicates upon it a motion for a rule absolute.

There are three reasons why this rule should not be granted:

1. The order appointing a Receiver was not a final judgment against the guardian. It was in the nature of an interlocutory decree in a suit pending in chancery. It contemplated the transfer of everything belonging to the wards then actually in the hands of the guardian, and capable of rendition, to the Receiver, to be by him held and managed *pendente lite*. To this extent it has been complied with. There was really no money in hand, and consequently, by the terms of the order, none to be delivered.

2. The return shows, not money in hand, but a sum *then* due by the guardian. It does not even show the sum due at the time the rule absolute was moved. He alleges that it has been reduced by subsequent transactions. It is certainly not by the short process of attachment for contempt that an uncertain amount of indebtedness is to be ascertained. Its ascertainment may involve much litigation, and must be reserved for a final hearing of the bill.

3. Respondent's prompt obedience to the order *quoad* the property in kind, and his inability to raise money wherewith to discharge his actual indebtedness, entirely relieve him from the imputation of contempt.

The Court below very properly refused the rule absolute.

Let the judgment be affirmed.