# CORNELIUS O'CALLAGHAN

## *v.*

# MARGARET O'CALLAGHAN.

1. ATTACHMENT—*for disobeying decree in equity.* The mere fact that a decree in a divorce suit, for the payment of alimony, is made a·lien upon the defendant's real estate, which may be sold in discharge of the decree, furnishes no sufficient reason why an attachment should not issue against the defendant, requiring him to show cause why he should not be adjudged guilty and punished for contempt, in refusing to obey the order of the court, or for setting aside the same when issued.

2. SAME—*what may be shown in discharge.* Where a party is brought before the court on attachment for not paying money as required by decree, he may show, in discharge of the rule, that his disobedience was not wilful, but was solely on account of his pecuniary inability, or some other misfortune over which he had no control.

3. SAME—*pendency of petition to modify decree.* The pendency of a petition by the defendant to change the terms of a decree for the payment of alimony and to reduce the same, does not operate to vacate the original decree, and therefore, this fact, as well as the pendency of negotiations between the parties to settle, does not operate to prevent the issuing of an attachment against the defendant for a contempt, in not making payment as ordered, or furnish ground to have such writ set aside on motion.

4. SAME—*copy of order or decree not necessary to be served on defendant before issuing attachment.* As a party, when once brought into court, is presumed to be cognizant of every step taken in it to its termination, he is not entitled to notice, or to be served with a copy of the decree, before an attachment is issued against him for a contempt in refusing to pay money as therein required.

APPEAL from the Circuit Court of Cook county; the Hon. WILLIAM W. FARWELL, Judge, presiding.

Messrs. KNOWLTON & HUMPHREYVILLE, for the appellant.

Messrs. HARDY & HERRICK, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This is an appeal, from an order of the circuit court of Cook county, directing an attachment to issue against appel-

lant for contempt, in refusing to obey a previous order of that court, by which he was required to pay appellee, his divorced wife, the sum of fifty dollars, at a stated time, for her maintenance and support.

The reasons urged for a reversal of the order are :

*First*—That as it appears that appellant is the owner of real estate in the city of Chicago, of the value of $5000, upon which the decree for alimony was a lien, the proceeding to enforce payment should have been against the property, and not against the person of the appellant.

*Second*—That appellant had, by petition, applied to the court to change the decree for alimony, and reduce the sum to be paid monthly to an amount which the appellant could readily pay; that evidence was heard on the petition, the decision of the court withheld, by consent of counsel of parties, to see if an amicable adjustment could not be effected, and while the decision of the court on the question raised by the petition was thus suspended, the order complained of was made.

*Third*—That the order directing the attachment to issue, is not in accordance with the chancery practice in proceedings for contempt, because it does not appear that a copy of the order to pay the money had been served upon appellant.

1st. The whole process of courts of equity, in the several stages of a cause, and finally to enforce their decrees, was, till the introduction of sequestrations in the nature of a process of contempt, acting only *in personam*, and not *in rem*. 4 Blackstone's Com. 288; 2 Daniell's Chancery Practice, 1045–6; 1 Smith's Chancery Practice, 428–9. But the sequestration of property was not intended to supersede proceedings by contempt, but on the contrary it was in aid of it, and resorted to either where the contemnor could not be arrested upon process, or where, having been arrested, he remained in prison, without paying obedience to the court. 2 Daniell's Chancery Practice, 1046.

554        O'CALLAGHAN v. O'CALLAGHAN.        [Sept. T.

Opinion of the Court.

It is provided by the 108th section of the Chancery Code, in force July 1st, 1871, that "when any bill is taken for confessed, or upon hearing, the court may make such decree thereon as may be just, and may enforce such decree, either by sequestration of real and personal estate, by attachment against the person, by fine or imprisonment, or both, or by ordering the demand of the complainant to be paid out of the effects of the estate sequestered, or which are included in such decree; and by the exercise of such other powers as pertain to a court of chancery, and which may be necessary for the attainment of justice."

*Wightman* v. *Wightman*, 45 Ill. 167, was decided under the Chancery Code of 1845, which was less comprehensive in its terms with reference to the powers conferred upon courts of chancery, in this respect, than the section just quoted, yet it was there held that a court of chancery has power, in addition to making a decree for alimony a lien upon the lands of the defendant, to enforce the decree by attachment for contempt, and that such a proceeding is not an imprisonment for debt and forbidden by the 15th section of the 8th article of the constitution then in force.

It is, therefore, we think, manifest that the mere fact that the decree is, in this case, made a lien upon appellant's property, is not a sufficient reason why the attachment should not issue against him, either by the old chancery practice, or under the provisions of our statute. The object of this attachment is merely to bring the appellant before the court, to show cause why he should not be adjudged guilty, and punished for contempt in refusing to obey its order. *Ex parte Henry Petrie*, 38 Ill. 498. We are of the opinion, however, that when brought before the court on attachment, it would be sufficient to entitle the party to be discharged, to show that his disobedience had not been wilful, but was solely on account of his pecuniary inability, or some other misfortune over which he had no control. The court is empowered to punish wilful obstinacy, in such cases, by imprisonment,

but we think the spirit of our constitution forbids that the pecuniary inability of the party, not resulting from his fraudulent conduct to produce that condition, can not be punished as a contempt by imprisonment. This is in accordance with the spirit of what was said in *Goodwille* v. *Millman*, 56 Ill. 523, and, upon a proper state of facts, we see no reason why the principle should not be enforced.

The case before us, however, does not present that question, as it is here urged, merely, *first*, that the order for the issuing of the attachment should not have been made; and, *secondly*, that it should, on appellant's motion, have been set aside, for the reason that the order directing the payment of alimony, was a lien on his property. For the reasons given, we hold that the court below did not err, either in making the order, or in refusing to set aside.

2d. The petition to change the terms of the decree, and the proceedings thereon had, did not operate to vacate the decree, and we are unable to perceive, from the record, how appellant could have been misled thereby. As appears from the certificate of the judge, by the terms of the agreement between the counsel of the parties, when the parties failed to make an amicable adjustment of the matters in controversy, appellant was authorized, by giving notice to appellee, to call up the question pending upon the petition, and have the decision of the court thereon. It would certainly be very unreasonable to suppose that appellant, by his non-action in this matter, could stay appellee's rights on her original decree. It was within appellant's power to have had a speedy decision, if he so desired, and he can not now be allowed to make a merit of his own *laches*.

3d. The record shows that it appeared to the court that due notice of the rule entered had been served upon appellant, and that he had failed and refused to comply. This would seem, of itself, a sufficient answer to the third objection. But, in *Ex parte Henry Petrie, supra*, this same objection was urged, and it was there held that, under our practice,

such notice is not necessary. So, it was again urged in *Petrie* v. *The People*, 40 Ill. 334, and the court there said: "After a party has once been brought into court, the presumption is that he is present, and cognizant of every step taken in the cause, until it is terminated, unless there has been considerable time elapsed without taking any steps in the case;" and it was again held, as before, that the notice was not necessary. Here, appellant appears to have been in court, not only when the decree was rendered, but subsequently he was in court, endeavoring to have its terms modified; so that the evidence is ample that he had actual notice of its terms.

We perceive no error in the record, and the order and decree of the court below is therefore affirmed.

*Decree affirmed.*