NIXON, Respondent, *v.* NIXON, Appellant.

[Submitted September 15, 1894.  Decided September 24, 1894.]

Divorce—*Contempt—Alimony—Petition to vacate order.*—Where a defendant in a divorce suit is committed for contempt for noncompliance with an order for the payment of alimony and attorneys' fees, and thereupon petitions the court to vacate the order, setting up inability to pay, it is error for the court to refuse to hear the petition upon the ground that defendant had not purged himself of the contempt.  (*State ex rel. Nixon* v. *Second Judicial District Court* 14 Mont. 396, cited.)

*Appeal from Second Judicial District, Silver Bow County.*

Action for divorce.  Defendant was committed for contempt for nonpayment of alimony and attorneys' fees.  His petition to vacate the order requiring such payment was dismissed.  Reversed.

*John W. Cotter,* for Appellant.

Pemberton, C. J.—This is a suit for divorce, instituted in the second judicial district court, in which this appellant is defendant.  On the twelfth day of August, 1893, the court made an order requiring and directing the defendant to pay plaintiff the sum of forty dollars per month as alimony *pendente lite.*  It seems that defendant complied with this order until March, 1894.  On February 19th the court made an order directing the defendant to pay plaintiff sixty dollars as counsel fee.  Defendant having failed to pay plaintiff the alimony allowed and ordered to be paid for the month of March, 1894, and subsequent thereto, as well as said counsel fee, he was ordered to appear and show cause why he should not be adjudged guilty of contempt of court; and, having so appeared, he was, on the twenty-eighth day of April, 1894, adjudged guilty of contempt of court for not complying with the said orders of court, and committed to the county jail of Silver Bow county until said alimony and counsel fee should be paid. On May 18th the defendant filed in the court his petition and affidavit praying that the order adjudging him guilty, and committing him to the county jail for contempt of court, be modified, vacated, and set aside.  This petition alleges that defendant had complied with said order to pay alimony until

and for the month of February, 1894; that thereafter he was and has been wholly unable to comply therewith, or with the order to pay counsel fee; that he has no money or property whatever; that the only reason why he has not complied with said order is his inability to do so; that he is now confined in the county jail, and will be so confined in jail indefinitely, unless permitted to purge himself of contempt by showing his inability to obey the order of court in the premises. On motion of the plaintiff the court dismissed and refused to hear this petition, "for the reason that the defendant was in contempt of court, and could not be heard until he had purged himself of said contempt." From this order dismissing and refusing to hear defendant's petition this appeal is prosecuted.

In *State ex rel. Nixon* v. *Second Judicial District Court,* 14 Mont. 396, which was a proceeding in *certiorari* in aid of *habeas corpus* in this court, instituted by this appellant to be discharged from custody under the order now involved in this appeal, this court said: "If the relator herein had made a regular application for a reduction of the alimony to the district court in which the suit was pending he would have presented all of this showing as to his want of faculty to pay the alimony; that plaintiff could have rebutted such showing, and the court would then have determined whether the alimony should be reduced. On such determination an order would be made, from which the defendant could have an appeal, and on such appeal this court would have made a review. But, as the matter is now before us, the question of reduction of the alimony has never been tried or determined in a proper proceeding by the district court, nor was there opportunity offered to so try and determine."

In the case just cited this court held that a modification of the judgment for alimony should have been sought by a proceeding for that purpose. It appears from the record that the appellant, by filing his petition for a modification or the vacation of the judgment for alimony, was proceeding in accordance with the views of this court, as announced in *State ex rel. Nixon* v. *Second Judicial District Court, supra.* By filing his petition for such relief he tendered an issue of fact involving his faculty or ability to comply with the order of the court.

The allegations of the petition could have been denied by the plaintiff in the case, and then the court could have proceeded to try the issue as to appellant's ability to pay the alimony and fee he had been ordered to pay.  It seems hardly in consonance with reason or law to punish a man for not doing that which he has not the ability to do, or to punish him without a hearing, for not doing that which he declares he is powerless to do.  The order of the lower court appealed from is reversed, and the cause remanded, with directions to proceed in accordance with the views herein expressed.

*Reversed.*

HARWOOD and DE WITT, JJ., concur.