# John Charles Barclay v. Grace Leslie Barclay.

1. PRACTICE—*Presence of Defendant in Court.*—The personal presence in court of a defendant in contempt proceedings at the moment the order is entered is not necessary in order to confer jurisdiction over him where he has had notice of the rule upon him and has appeared and answered to it.

2. SAME—*Presence of Defendant—Presumptions.*—After a party has once been brought into court, the presumption is that he is present and cognizant of any step taken in the cause, until it is terminated, unless considerable time has elapsed without any steps having been taken in the case.

3. SAME—*Juries in Contempt Proceedings.*—A chancery court has authority to enforce its decree through proceedings for contempt without the intervention of a jury.

4. IMPRISONMENT FOR DEBT—*What is Not.*—A commitment in contempt proceedings is not an imprisonment for debt.

**Proceedings for Contempt.**—Trial in the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Order of commitment entered; appeal by defendant. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed June 9, 1899.

ALEX. J. JONES, attorney for appellant, contended that while a court may commit for contempt in its presence without the service of any process, it is essential to the validity of the order of commitment, even then, that it show that the defendant was present in court when judgment was entered, and no judgment against him would be valid which would be entered in his absence. Louisiana v. Judges, 32 La. Ann. 1256; Trimball v. Barnard, 15 W. N. of C. 127; In re Pollard, 2 Law Rep., Privy Council Appeals, 106; Berkson v. People, 51 Ill. App. 105.

And the defendant must appear in person and not by attorney, in order to give the court jurisdiction of his person. Vin. Abr., Contempt, F. 7; Vertner v. Martin, 10 L. and M. 103; 20 Am. Law Reg., N. S., 149, and cases cited.

JAMES MAHER, attorney for appellee.

In contempt cases for non-payment of alimony, under a

decree or order, it is not necessary that the defendant be personally present in court; the authorities upon the subject are explicit, and go to far greater lengths than is required by the necessities of the case at bar.   Petrie v. People, 40 Ill. 334; O'Callaghan v. O'Callaghan, 69 Ill. 552.

MR. JUSTICE SHEPARD delivered the opinion of the court.

In November, 1895, in a cause in the Circuit Court of Cook County, brought by the appellee against the appellant for separate maintenance, it was adjudged that she was entitled to separate maintenance, and the appellant was decreed to pay for the support of appellee and their infant child the sum of $40 per month.

In January, 1898, appellee applied in said cause for a rule upon appellant to show cause why he should not be attached for contempt, for failing to pay the moneys so ordered.   In support of such application, it was made to appear to the court, by appellee's affidavit, that appellant was then in arrears in the matter of the payments directed to be made by said decree, to the extent of $612, and a *prima facie* showing of his ability to pay being made by such affidavit, the appellant was ordered to show cause on January 26, 1898, why he should not be attached, etc.

That order to show cause, was, on the day the rule was returnable, extended, " on motion of solicitor," to January 31, 1898.

Upon the last mentioned date a hearing upon the rule to show cause was had, and, among others, the affidavit of the appellant was introduced and read.   He therein admitted that there remained unpaid by him under said decree " the sum of over $612," and set forth at great length numerous matters in alleged excuse or extenuation of his delinquency.

The order of the Circuit Court thereupon entered, and from which this appeal is prosecuted, is as follows :

" Upon the return of the rule issued in this cause, to show cause why the defendant, John Charles Barclay, should not be attached for contempt of court for failure to pay arrears

of alimony heretofore due under the decree entered in this cause, and the court having jurisdiction in said cause and having heard and read the affidavits on behalf of the complainant and of the defendant, and all parties being present in open court by counsel, and the court having heard arguments of said counsel, doth find that there is now due and unpaid from the defendant to the complainant, the sum of six hundred and twelve dollars ($612) for arrears of alimony under said decree, no part of which has been paid; and the court further finds that no sufficient cause is shown by the said defendant why the same should not be paid, or that he has been or is unable to pay the same, but that he willfully fails and refuses to obey the orders and decree of this court in paying said alimony; and the court doth find and adjudge the said John Charles Barclay to be guilty of a contempt of this court, and doth order that said John Charles Barclay be committed to the common jail of Cook county, Illinois, there to remain charged with said contempt of this court, until he pay the said sum of six hundred and twelve dollars ($612) into this court or until released by due process of law, and that a warrant for that purpose issue forthwith, directed to the sheriff of Cook county, Illinois."

We have read and considered with diligent attention everything that was before the Circuit Court at the hearing, and concur with the learned chancellor in his findings of fact, as expressed in his order, as above.

This leaves only certain alleged errors of law to be considered.

It is said that the record shows the order was entered in the absence of appellant, and that the court was without jurisdiction of his person at the time of said judgment. The order recites that the court had jurisdiction, and nothing to the contrary anywhere appears. It also appears by the order, and by the certificate of evidence, that appellant was present by counsel, and his own affidavit was read.

But the personal presence of the appellant, at the moment the order was entered, was not necessary in order to confer jurisdiction over him in a proceeding of this kind. The certificate of evidence shows he had notice of the rule, and that he appeared and answered to it. Nothing more was necessary. It is enough that the court had jurisdiction of the person of the appellant, in the cause in which the order

was entered, and that he had notice of the application for the particular order in question. The rule in this State is, that "after a party has once been brought into court, the presumption is that he is present and cognizant of any step taken in the cause, until it is terminated, unless there has been considerable time elapsed without taking any steps in the case." Petrie v. The People, 40 Ill. 334; O'Callaghan v. O'Callaghan, 69 Ill. 552; Berkson v. The People, 51 Ill. App. 102, affirmed in 154 Ill. 81.

It is also contended that the appellant was entitled to a trial by jury, it not appearing that he formally waived that right; and, further, that the order is in violation of the constitution relating to imprisonment for debt.

The power of a chancery court as distinguished from the policy of exercising the power to enforce its decrees through proceedings for contempt, without the intervention of a jury trial, can no longer be questioned (Debs case; People v. Kipley, 171 Ill. 44); and for authority that an order of the kind of the one in question is not an imprisonment for debt, see Wightman v. Wightman, 45 Ill. 167.

The other argued questions are in substance but refinements of those we have mentioned.

Perceiving no substantial error in the record, the order of the Circuit Court is affirmed.