STATE EX REL. BORDEAUX, RELATOR, v. DISTRICT
COURT OF THE SECOND JUDICIAL DIS-
TRICT ET AL., RESPONDENTS.

(No. 2,117.)

(Submitted November 4, 1904.   Decided January 6, 1905.)

*Supervisory Control—Contempt—Divorce—Order to Pay Ali-
mony—Modification—Appeal.*

Contempt—Alimony—Modification of Order—Supervisory Control.
  1.   One ordered to pay alimony, to protect himself from contempt proceed-
      ings for noncompliance therewith because of stress of circumstances, should
      apply for revocation or modification of the order, and, upon failure of such
      application to the district court, the writ of supervisory control will not
      lie to relieve him from punishment for noncompliance with such order.
Divorce—Alimony—Revocation or Modification of Order.
  2.   Until a suit for divorce is finally determined, or until the order grant-
      ing alimony therein is revoked or modified by the court which made it, a
      wife is entitled to alimony.
Divorce—Alimony—Appeal—Contempt—Jurisdiction.
  3.   An action for divorce is still in the district court, notwithstanding
      pendency of an appeal, so as to authorize that court, by contempt proceed-
      ings, to compel obedience to its order for payment of alimony.

ORIGINAL application by the state, on the relation of John
R. Bordeaux, against the district court of the Second Judicial
District, and Hon. William Clancy, a judge thereof, to the
Supreme Court under its supervisory power, for an order set-
ting aside an order of the district court committing the relator
to prison in certain contempt proceedings for failure to comply
with order granting alimony.

*Mr. B. S. Thresher, Mr. C. F. Kelley,* and *Mr. Peter Breen,*
for Relator.

*Mr. John J. McHatton,* and *Mr. John G. Brown,* for Re-
spondents.

MR. JUSTICE MILBURN delivered the opinion for the
court.

This is a petition of relator asking for a writ of supervisory control to annul and set aside an order of the district court committing said Bordeaux to prison in certain contempt proceedings.

It appears from the record that before the granting of a decree in divorce in favor of the plaintiff against the defendant in the case of *Bordeaux* v. *Bordeaux,* 30 Mont. 36, 75 Pac. 524, now before this court for final determination upon appeal after rehearing, the district court made an order directing the plaintiff (relator herein) to pay to his wife, the defendant, the sum of $100 per month alimony, and that this order has never been revoked or modified. In the contempt proceeding it appears that some time after the decree, and after appeal therefrom to this court, the relator failed to pay to his wife the alimony fixed by the court. Upon being cited to show cause why he should not be punished for contempt, he pleaded that he had been enjoined by the court from disposing of any of his property, and that his income was not sufficient to enable him to make the payment, and, further, that the court had no jurisdiction to make any order in the premises, because the case was not then in the district court, but on appeal. The court found his reasons insufficient, fined him $20 for contempt, and ordered him to pay the alimony then due, and to stand committed until the order of the court was complied with and the fine satisfied.

The action of the court was correct. If he could not, by stress of circumstances, comply with the order of the court, it was his duty, for his own protection, to go into court, relate the circumstances, and pray for a revocation or modification of the order directing him to pay alimony. It appears that his property is worth over $60,000, and his income more than $400 per month. A wife is entitled to the alimony until the case is finally determined, or until the order is revoked or modified by the court which made it. As has been heretofore said by this court, the supreme court has jurisdiction as soon as the notice of appeal has been regularly served and filed, and a sufficient

undertaking properly filed with the clerk of the court below, but the *case* is in the district court. The determination of the appeal is for the supreme court. The district court has authority to compel obedience to its orders granting alimony. The supreme court certainly would not have any authority to enforce the order of the district court in the premises. (*Grannis* v. *Superior Court of the City and County of San Francisco,* 143 Cal. 630, 77 Pac. 647.)

The petition is denied, and the proceedings are dismissed.

MR. JUSTICE HOLLOWAY concurs.

MR. CHIEF JUSTICE BRANTLY, not having heard the argument, takes no part in the foregoing decision.