STATE EX REL. McLEAN, RELATRIX, v. DISTRICT COURT
ET AL., RESPONDENTS.

(No. 2,589.)

(Submitted October 6, 1908.  Decided October 24, 1908.)

[97 Pac. 841.]

*Contempt—Disobedience of Order of Court—Inability to Comply—Defense—Supervisory Control.*

Contempt—Disobedience of Order of Court—Inability to Comply—Defense.
1. Inability to comply with an order of court brought about by the act of the person himself, though not from evil motives or with the intention to evade the order, is a good defense to a charge of contempt.

Same—Supervisory Control.
2. Relatrix had judgment in the district court declaring her entitled to a sum of money deposited with the clerk of court and directing payment to her. After the money had been paid over, a motion to set aside the judgment was made and an order sought directing relatrix to return the money to the clerk. Notice of this motion was served upon her attorneys, but she had no personal knowledge of its pendency until four days after the making of it. Immediately after rendition of judgment, and on the same day, she paid her attorneys' fees, and on the following day, and before notice of the motion referred to above, expended the balance of the money in liquidation of outstanding indebtedness. In doing so she acted in good faith and had no reason to anticipate further action in the cause. She had no other means, nor property of any kind upon which to secure a loan in order to comply with an order made about two weeks thereafter, commanding her to return the money to the clerk. *Held,* on application for writ of supervisory control, under the rule set forth in paragraph 1 above, that her failure to obey the order of the court did not constitute a contempt.

SUPERVISORY CONTROL by the state, on the relation of Winnifred A. McLean, against the district court of the second judicial district in and for Silver Bow county and the judges thereof, to annul a judgment.  Judgment annulled.

*Mr. W. F. Davis,* and *Mr. A. J. Rosier,* for Relatrix.

*Messrs. Breen & Hogevoll,* for Respondents.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Supervisory control.  The purpose of this application is to procure an order of this court annulling a judgment of the dis-

trict court of Silver Bow county, made and entered on July 6, 1908, whereby the relatrix was sentenced to pay a fine of $100, and to undergo imprisonment for two days for an alleged contempt.

The affidavit embodying the charge made in the district court alleges, in substance, that the relatrix had willfully and intentionally failed and refused to obey an order made and entered in that court on May 25, 1908, by which she had been required to deposit with the clerk certain money which had been paid to her by the clerk under a judgment made and entered on May 7, 1908, and which had thereafter, on May 25, 1908, been vacated and set aside. A brief history of the proceedings leading up to the judgment complained of is the following: In January, 1908, the relatrix brought an action against the New York Life Insurance Company to recover a judgment upon two insurance policies effected by the company upon the life of one Patrick H. McGuire, in which the relatrix was named as the beneficiary. The company admitted the death of McGuire and its liability to pay, but presented an application to the court, from which it appeared that an action had been instituted against it by one Hannah Moran, in her own right as heir of McGuire and as administratrix upon his estate, in the court of common pleas in the county of Lackawanna, Pennsylvania, claiming title to the amount due on the policies, and asked for an order permitting it to pay the amount into court, and substituting Hannah Moran in both her capacities as defendant in its stead. The order was made, and the money, $1,021.32, was paid to the clerk. Thereafter such proceedings were had in the cause that on May 7, 1908, a judgment was rendered and entered therein declaring relatrix entitled to the money and directing it to be paid to her, which was done. On the following day counsel for Hannah Moran moved the court to vacate and set aside this judgment on grounds not necessary to detail here, and for an order directing the relatrix to return to the clerk the amount so paid to her. Notice of this motion was served upon Messrs. Davies & Rosier, who had been acting

as attorneys for relatrix in the action on the policies. Relatrix had no personal notice of its pendency until May 11. A hearing was had upon the motion on May 13, but it was not determined until May 25, and then with the result that the judgment was vacated and the relatrix directed to deposit the money with the clerk. Having failed to do this, she was charged with a willful and intentional violation of the order, as stated, and, upon a hearing upon an order to show cause, was convicted.

The contention now made is that the evidence is insufficient to sustain the conviction. The only evidence heard was that of the relatrix herself, and her statement is not controverted. She earns a livelihood by conducting a boarding-house in the city of Butte, incidentally furnishing lodging for two or three of her boarders. So far as appears, she has no real nor personal property of any value. During the preceding winter she could not meet her current accounts, and thus became indebted to various persons for fuel and other supplies to the amount of about $1,000. She had promised to pay certain of these creditors out of the money she expected to receive from the insurance company, having in one or two instances secured additional credit on the faith of such a promise. When the judgment was entered in her favor and the money was paid to her on May 7, she settled the charge of her attorneys for their services in the case and for costs advanced by them, amounting to $311.30, leaving a balance in her hands of $710, and then proceeded at once to keep good her promise to her other creditors. On the following day she paid out to various creditors $628.01, and on the morning of the 11th to another creditor $210, the sum total of these payments including moneys she had from collections made from her boarders. These payments were all made before she had knowledge of any proceedings by counsel for Hannah Moran to have the judgment vacated. It further appeared that she had no money at the time she was ordered to make the deposit with the clerk, nor any means or opportunity to secure any. She had no property of any character which she could hypothecate as security for a loan, nor could she secure a loan of the

amount, though she made effort to do so. It appears that, when she paid out the money, she had no cause to anticipate, nor did she anticipate, any further action by the court, but rather that she acted without notice, in good faith, believing that the controversy was at an end, and that she was free to apply the money to the satisfaction of the demands of her various creditors, as she did.

The record, therefore, presents the question whether a failure to comply with an order of court because of inability to do so, brought about by the act of the person himself though not from evil motives or with the intention to evade it, subjects such person to punishment as for a contempt. The Code of Civil Procedure declares what acts or omissions are contempts, and prescribes the punishments, which may be either a fine or imprisonment, or both, within the limitations stated. (Revised Codes, secs. 7309, 7318.) It is also provided that, when the contempt consists in the omission to perform an act which is yet in the power of the person to perform, he may be imprisoned until he shall have performed it. (Revised Codes, sec. 7319.) Here the imprisonment imposed was for the contempt, and not to enforce a compliance with the order, the court evidently concluding from the facts submitted that the relatrix, while unable to comply with the order, had nevertheless willfully brought upon herself the inability which she alleges as justification for failure to comply. In our opinion, inability to render obedience to such an order is a good defense to a charge of contempt for its violation, unless it appears that the person charged has voluntarily and contumaciously brought the disability upon himself. As was said in *Nixon* v. *Nixon,* 15 Mont. 6, 37 Pac. 839: "It seems hardly consonant with reason or law to punish a man for not doing that which he has not the ability to do." And this is the rule announced by the courts generally. (*Galland* v. *Galland,* 44 Cal. 475, 13 Am. Rep. 167; *Ex parte Spencer,* 83 Cal. 460, 17 Am. St. Rep. 266, 23 Pac. 395; *Hawthorne* v. *State,* 45 Neb. 871, 64 N. W. 359; *O'Callaghan* v. *O'Callaghan,* 69 Ill. 552; *Blake* v. *People,* 80 Ill. 11; *Peel* v. *Peel,* 50 Iowa,

521; *State* v. *Dent,* 29 Kan. 416; *Smith* v. *Smith,* 92 N. C. 304; *Browning* v. *Hadley,* 33 Ga. 271; *Newhouse* v. *Newhouse,* 14 Or. 290, 12 Pac. 422; *Myers* v. *Trimble,* 3 E. D. Smith (N. Y.), 607; *Adair Bros. & Co.* v. *Gilmore,* 106 Ala. 436, 17 South. 544; 9 Cyc. 13; 7 Am. & Eng. Ency. of Law, 72.)

In *O'Callaghan* v. *O'Callaghan, supra,* after stating that the mere fact that a decree was made a lien upon appellant's property was not a sufficient reason why attachment should not issue against him for contempt, the court said: "We are of the opinion, however, that, when brought before the court on attachment, it would be sufficient to entitle the party to be discharged to show that his disobedience had not been willful, but was solely on account of his pecuniary inability, or some other misfortune over which he had no control." So in *Adair Bros. & Co.* v. *Gilmore, supra,* the rule is thus stated: "The foundation for the process of attachment for failing or refusing to obey an order or decree of court is the ability to perform, unless the party has brought about his inability intentionally to avoid the performance of the obligation." In *Myers* v. *Trimble, supra,* it was said: "Courts will not adjudge a defendant in contempt for not doing an impossibility, nor for not doing what it is not in his power to do, unless he has voluntarily disabled himself to do the act where the creation of the disability was itself a contumacious act."

While the evidence in this case shows that the relatrix disabled herself to comply with the order, it shows equally clearly that in paying out the money she acted in good faith, with the belief that she had a perfect right to pay it out, and was only meeting her just obligations to her creditors. Under the rule above stated, she was not guilty of contempt, and is entitled to have the order adjudging her guilty annulled. It is accordingly directed that the district court set aside the order of conviction, and discharge the relatrix.

MR. JUSTICE HOLLOWAY and MR. JUSTICE SMITH concur.