## Estella M. Boyden, Appellee, v. George L. Boyden, Appellant.

1. CONTEMPT—*when objection to manner of proceeding cannot be complained of.* Complaint cannot be made of the manner of determining the issues in a proceeding to commit for contempt for failure to pay alimony where the respondent made no objection to the course of procedure adopted and permitted the proceeding to be determined upon the affidavits of the respective parties.

2. CONTEMPT—*burden to purge for failure to pay alimony.* Failure to pay alimony as ordered is *prima facie* evidence of contempt and the burden is upon the respondent to show a valid reason for such failure.

3. CONTEMPT—*when finding in proceeding for, not disturbed as against the evidence.* The finding of the chancellor that the respondent was guilty of contempt in failing to pay alimony as ordered will not be set aside as against the evidence unless clearly and palpably against its weight.

4. CONTEMPT—*when order of commitment proper.* An order commit-

ting for contempt for failure to pay alimony properly fixes no definite time limit for imprisonment. The order of commitment is not designed as punishment but as a means of enforcing the decree of the court.

5. CONTEMPT—*when refusal to allow solicitor's fees and expense money in proceeding for, for failure to pay alimony, proper.* In order properly to support a claim for solicitor's fees and suit money in a contempt proceeding to compel the payment of alimony, evidence should be adduced.

Divorce. Appeal from the Circuit Court of Logan county; the Hon. THOMAS M. HARRIS, Judge, presiding. Heard in this court at the May term, 1910. Affirmed. Opinion filed May 26, 1911.

BLINN & COVEY, for appellant.

KING & MILLER, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Logan county adjudging appellant to be in contempt for wilfully failing to pay to appellee certain alimony theretofore awarded to her, and committing appellant to the county jail until he should pay the sum of $119 found to be in arrears, or until he should be released by due process of law.

On October 14, 1908, upon a bill filed by appellee, a decree was entered dissolving the marriage relation, and as to alimony the decree provided with the consent of the parties that appellant should convey to appellee the homestead, upon which there was an encumbrance held by the Lincoln Savings and Building Association; that appellant should pay the interest and dues amounting to $39 per month to said association in liquidation of said encumbrance and that he should also pay to appellee $25 per month until said encumbrance was discharged.

At the January term, 1910, appellee filed her verified petition setting forth the terms of the decree and averring that appellant had failed to pay the monthly dues and installments of interest amounting to $117 to said association, and that he had failed and refused to pay the monthly payments of $25 due October 1, November 1 and December 1,

1909, and asking that a rule be entered requiring appellant to show cause why an attachment should not issue against him and he be punished for contempt for his failure to comply with the decree. To this petition appellant filed his verified answer admitting the averments of the petition as to the provisions of the decree, but denying that he had failed to pay the monthly installments in liquidation of the encumbrance to the association, and averring that at the time said petition was filed he had fully paid such monthly installments to January 1, 1910, and that since the filing of said petition he had paid the installment for said month of January. The answer further avers that since the entry of the decree for divorce and alimony appellant was compelled to pay various bills for merchandise and necessaries furnished to appellee aggregating $481.21; that in the summer of 1909 he was receiving a salary of $75 a month and had no other income or property; that the monthly payments of $39 to the Building association and $25 to appellee left him only $11 a month upon which to live; that in July or August, 1909, he wrote appellee stating his financial condition and asking to be released from the monthly payment to her of $25, and that in response thereto appellee wrote to him that if he would pay her $25 per month up to November 1, 1909, she would release him from any further payment of said monthly installments; that appellant accepted such release and for that reason had made no payments since said date, and that relying upon such release he had refrained from applying for a modification of the decree; that the letter of appellee to appellant releasing him from payment of said monthly installments of $25 was lost or had been taken by some person unknown to appellant. Appellee filed her affidavit wherein she denies she ever wrote to appellant as is averred in his answer and avers that she has repeatedly demanded of him that he comply with the terms of the decree; that appellant is a competent and experienced undertaker and his earning capacity is ample to provide him with means for his support and to enable him to comply with the decree; that he is and has been for three years employed by a partnership in which

his father, John T. Boyden, was co-partner until December 11, 1909, when he became the sole owner of the business and appellant received a salary of $100 a month; that if there has been a reduction in the salary of appellant such reduction was the result of a collusion or conspiracy between appellant and his father to enable appellant to defeat the payment of alimony to appellee; that she is informed and believes that in the summer or fall of 1909 appellant purchased an automobile for which he paid over $1,000, and that within the last two months during the time he was in default appellant took a pleasure trip to Wisconsin for the purpose of hunting and fishing, the expenses of which trip amounted to $100. Appellee also then filed her affidavit averring that she had employed solicitors and had no money to pay said solicitors, and prayed for an order requiring appellant to pay her solicitors fees and expense money.

The affidavit of John T. Boyden, the father of appellant, avers that appellant was first employed at a salary of $100 per month; that afterwards affiant was compelled on account of his business to reduce expenses and that for more than one year the salary of appellant had been $75 a month and no more; that the automobile referred to in appellee's affidavit was purchased by the co-partnership of which affiant was a member for the sole use of said co-partnership in its business, and that appellant had no interest in said automobile; that appellant had a vacation the preceding summer, and affiant's recollection is that he loaned appellant the money to pay his expenses on said vacation, "if that is the trip referred to in appellee's affidavit."

The court ordered a writ of attachment to issue as prayed in the petition, and thereupon appellant entered his appearance and waived the issuance of the writ.

The motion of appellee for an allowance of solicitors' fees and expense money was denied by the court.

In his answer to said writ, as ordered to be issued, appellant in addition to the matters stated in his prior affidavit avers that in the fall of 1907 he purchased a one-half interest in a livery stable in Mt. Pulaski, paying therefor $2,300;

that said livery business was unprofitable and in April, 1909, he sold his interest therein for $1,000; that owing to his losses in said business and his attempt to comply with the decree for the payment of alimony he was then indebted in the sum of $2,350; that his present indebtedness, including the encumbrance held by the Building Association, amounts to $3,695.

Upon a consideration of the petition, answer and affidavits, the court held the answer insufficient and adjudged appellant to be in contempt and ordered his commitment therefor as heretofore stated.

It is first urged that the merits of the controversy should have been determined upon evidence taken in open court or upon a reference before a master in chancery and not upon the petition, answer and affidavits. Appellant voluntarily submitted the case to the court upon his answer and affidavits in support thereof, without, so far as the record discloses, entering any objection to the procedure adopted or making any suggestion or motion that other evidence should be heard and considered, or that appellee should be required to submit to a cross-examination upon the question of having released appellant from the payment of monthly installments of alimony subsequent to November 1, 1909. In this state of the record the objection to the manner of procedure, even if tenable, is not available to appellant for the first time in this court.

It is next urged that the finding and judgment of the court is contrary to the manifest weight of the evidence; that it clearly appears that the failure of appellant to comply with the provisions of the decree was not wilful, but was wholly due to his lack of financial ability; and that appellee voluntarily released him from the payment of the monthly installments of $25 accruing subsequent to November 1, 1909.

It is uncontroverted that appellant failed to pay the said installments of alimony, and such failure is held to constitute *prima facie* evidence of contempt. Shaffner v. Shaffner, 212 Ill. 492. The burden was thus cast upon appellant to show either that he had been released by appellee from the payment of said installments of alimony or that his failure to pay

the same was not wilful but was wholly due to his financial inability.

Upon the question of the alleged release by appellee, the fact that such release was given is asserted by appellant and denied by appellee. Appellant claims to have lost the alleged release. The fact, which is not denied by appellant, that appellee made repeated demands for the payment of the over due installments after the alleged release is claimed to have been given, to which demands appellant made no response either by claiming a release or by asserting his inability to pay, strongly tends to discredit the claim of appellant as to the alleged release.

The amount of alimony to be paid by appellant to appellee was agreed upon between them, and appellant complied with that agreement for eleven months, during a portion of which time he was only receiving a salary of $75 per month. There are many inconsistencies appearing in the statements made by appellant and his father relative to their business relations and the alleged inability of appellant to comply with the decree. Appellant asserts that the greater part of his indebtedness was incurred in an effort to comply with the decree, while it appears that at the time said indebtedness existed he had only paid $384 under the decree, and no explanation is attempted to be made of the purposes for which the greater part of his alleged indebtedness was incurred.

The statement by appellant that he was compelled to pay a considerable amount in liquidation of debts incurred by appellee before the decree was entered, of which debts he had no knowledge when the alimony was agreed upon, is not credible in view of the fact that such debts were incurred almost wholly for ordinary household expenses covering a considerable period of time prior to the entry of the decree. The claim of John T. Boyden, the father of appellant, that he reduced the salary of appellant from $100 per month to $75 per month, because the business of the firm had decreased, is inconsistent with the fact that the business justified an additional expenditure of $1,000 for an automobile and an al-

lowance by him to appellant of $100 with which to make a pleasure trip to Wisconsin, and the further fact that during the time in question the said John T. Boyden acquired the entire interest in the business. We cannot escape the conclusion that the charge by appellee that the reduction in the salary of appellant was collusively made for the purpose of disabling him from complying with the decree, is not without foundation.

We should not be justified in reversing the judgment as being against the weight of the evidence, unless it is clearly and palpably so, and this we are unable to say.

It is finally insisted that the order of commitment is erroneous because it fails to fix a definite time limit for the imprisonment of appellant. The order of commitment is not intended to serve as a punishment for the contempt, but to compel appellant to pay the amount of alimony found to be in arrears. To effect this purpose the order is in proper form. Czarra v. Czarra, 124 Ill. App. 622; Barclay v. Barclay, 83 Ill. App. 366, affirmed in 184 Ill. 471.

Appellee assigns cross-error upon the action of the court in refusing to order appellant to pay solicitors' fees and expense money in this proceeding. Appellee neither introduced nor tendered any proof in support of her claim for such allowance, and in the absence of such proof, or a tender thereof, the motion was not improperly denied by the court.

There is no reversible error in the record and the judgment is affirmed.

*Affirmed.*