STATE EX REL. CASH, RELATOR, v. DISTRICT COURT ET AL., RESPONDENTS.

(No. 6,084.)

(Submitted December 28, 1926. Decided January 4, 1927.)

[252 Pac. 388.]

*Supervisory Control—Contempt—Failure to Pay Alimony—Imprisonment—When Contemnor Entitled to Release.*

**1.** *Held,* on application for writ of supervisory control, that one adjudged guilty of contempt for failure to pay alimony and imprisoned in the county jail under section 9918, Revised Codes of 1921, until he shall have performed, is, upon proof of inability to pay, entitled to his release from confinement.

[1] Contempt, 13 *C. J.,* sec. 148, p. 95, n. 85. Courts, 15 *C. J.,* sec. 446, p. 1026, n. 37. Divorce, 19 *C. J.,* sec. 692, p. 299, n. 77, 85; sec. 699, p. 304, n. 47, 51; sec. 707, p. 308, n. 27; sec. 821, p. 359, n. 84½, 85. Review, 34 Cyc., p. 1704, n. 12 New.

Original proceeding by the State, on the relation of W. A. Cash, for a writ of supervisory control to be directed to the District Court of the First Judicial District in and for the County of Lewis and Clark and A. J. Horsky, Judge thereof, to annul an order quashing an affidavit of the relator to secure his release from imprisonment for contempt of court. Order annulled, with directions to hear petitioner's application.

*Mr. A. A. Grorud,* for Relator, submitted a brief and argued the cause orally.

The theory of the relator is that the contempt order of November 17, 1926, was improper and void for the reason that the record shows a complete inability upon the part of the relator at all times since on or about the twentieth day of September, 1926, to fully comply with the decree and judgment of August 4, 1926; and further, that the respondent court

erred in not releasing the relator upon his application for release on or about the eighteenth day of December, 1926, after the relator had made a showing to said court that he was unable to make the alimony payments then due and that it was not within the power of relator to comply with the order of November 17, 1926; and further, that the relator is being imprisoned in the county jail of Lewis and Clark county, contrary to and in violation of sections 9917 and 9918 of the Revised Codes of 1921.

It is settled law that inability to comply with an alimony order being established this is a good defense to a charge of contempt for violation of the alimony order. (*State ex rel. McClean* v. *District Court*, 37 Mont. 485, 488, 15 Ann. Cas. 941, 97 Pac. 841; *State ex rel. Scott* v. *District Court*, 58 Mont. 355, 192 Pac. 829.)

*Mr. R. Lee Word*, for Respondents, argued the cause orally.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

By the terms of a decree dissolving the bonds of matrimony between Mae Dayton Cash, plaintiff, and W. A. Cash, defendant, entered August 4, 1926, defendant was ordered to pay plaintiff the sum of $70 per month for the support of herself and minor children.

Upon proceedings had the defendant, referred to hereafter as [1] the relator, was found guilty of contempt on account of his failure to make the required payments, and the court being of the opinion that relator had the ability to pay the amount then due, upon November 17, 1926, committed him to jail, there to remain until he shall have paid the amount found due.

Upon the sixteenth day of December, 1926, the relator, by motion and supporting affidavit, applied to the court for an order purging him of contempt and releasing him from jail. It is set forth in the motion in substance (1) that relator was

committed to the county jail on November 17, 1926, and ever since has been and now is confined therein; (2) that relator has failed to pay the clerk the sum required on or before the seventeenth day of November, 1926, the date of his commitment to jail, because he has been and now is unable to do so; (3) that the commitment is void for the reason that the record shows that at the time of the contempt proceeding it was not within the power of the defendant to comply with the order of November 17.

In his supporting affidavit relator affirmed that at the time of being adjudged in contempt and committed to jail he had no money, property, nor credit, nor was he able to borrow or secure in any way the sum necessary to make the alimony payment; and that he has failed to make the payment "for the reason that this affiant has been and now is without money with which to make said payment and has been and now is without property which can be sold, mortgaged, pledged or realized upon for the purpose of making said payment or any of the payments to be made under the order of November 17, 1926." He therefore prays that the court may find that its authority has been vindicated; that affiant is unable to comply with the court's order, and that affiant may be released from confinement.

This application was met by a motion to quash upon the grounds that the defendant, upon November 17, was adjudged guilty of the contempt charged against him, and that being in contempt he should not be permitted to ask a favor of the court while the judgment of contempt stands against him; the court should not, in keeping with its dignity as a court of justice, extend any favors or privileges to the defendant until he shall acknowledge the authority of the court and purge himself of the contempt; and the court in a proceeding brought by the defendant which had for its purpose obtaining the same relief in substance as the present application then denied the defendant relief "and justice to the plaintiff calls for the same ruling in this proceeding and on the motion now before

the court." The court sustained the motion to quash by order dated December 18.

Relator then made application to this court for a writ of supervisory control pursuant to which an order to show cause was issued. This was met by a motion to quash, which, after argument by respective counsel, was taken under advisement.

From what was said in the argument we incline to the belief that the learned trial court was of the opinion that the plaintiff's motion and supporting affidavit amounted merely to an attack upon the order made upon November 17, which was in effect a judgment from which relator might have appealed. (*State ex rel. Scott* v. *District Court*, 58 Mont. 355, 192 Pac. 829.) But it was pointed out in that case, following *State ex rel. Bordeaux* v. *District Court*, 31 Mont. 511, 79 Pac. 13, that if one, in such a case, cannot comply with the order of the court he may go into court and pray for a revocation or modification of the order directing him to pay the alimony. It is true that relator, following the *Scott Case*, attacked the order of November 17 as void upon the theory that there was no testimony then before the court warranting the court in concluding relator then had the ability to comply with the order.

We have examined the testimony carefully and are convinced the relator was guilty of contempt because of failure to comply with the terms of the decree and the court would have been justified in invoking the provisions of section 9917, Revised Codes of 1921, which reads: "Upon the answer and evidence taken, the court or judge must determine whether the person proceeded against is guilty of the contempt charged, and if it be adjudged that he is guilty of the contempt, a fine may be imposed on him not exceeding five hundred dollars, or he may be imprisoned not exceeding five days, or both." However, the court invoked the provisions of section 9918: "When the contempt consists in the omission to perform an act which is yet in the power of the person to perform, he may be imprisoned until he shall have performed it, and in

that case the act must be specified in the warrant of commitment.'' We cannot say that the court erred in applying the section last quoted.

Upon the hearing relator testified that upon September 21, 1926, he had $300 to his credit in the bank. He failed to disclose the fact, if it was a fact, that at the time of the hearing he did not still possess that credit. Conceding that the order of November 17, was not subject to the attack made upon it, still we think sufficient was stated in the motion of December 16, and the supporting affidavit, to invoke the affirmative action of the court. It is true that relator jumbled together his attack upon the order of November 17 and his application for a modification of that order. But his affidavit in positive language states as an existing present condition his utter inability to comply with the order.

If the allegations of the affidavit are true, that upon the sixteenth day of December, 1926, the relator had no money, property, nor credit, nor was he able to borrow or secure any money, being without property of any kind, he was entitled to his release from confinement. Certainly, if he were to remain in jail, being without property, without money, and without credit, he could never comply with the terms of the decree. He might be imprisoned for debt during the remainder of his natural life. As was said in *Nixon* v. *Nixon,* 15 Mont. 6, 37 Pac. 839, ''it seems hardly consonant with reason or law to punish a man for not doing that which he has not the ability to do.'' (*State ex rel. McLean* v. *District Court,* 37 Mont. 485, 15 Ann. Cas. 941, 97 Pac. 841.)

Accordingly, the order of December 18 is annulled and the court is directed to hear the application of the relator for a revocation or modification of the order of November 17, 1926.

*Order annulled.*

ASSOCIATE JUSTICES GALEN, STARK, MATTHEWS and TOOLE concur.